# Reeves v. The State.

*Indictment for Carrying on a Lottery.*

1.    *Lottery; what constitutes.*—On a trial under an indictment for carrying on a lottery, the undisputed evidence showed that the defendant owned and operated a device consisting of a circular board, in the center of which was an arrow, turning on a pivot, and which pointed to numbers around the edge of the board.    Opposite each number was placed an article of jewelry or a sum of money.    By paying the defendant, any one could have the privilege of whirling the arrow, and to whatever number the point of the arrow stopped nearest, the person who whirled the arrow would be entitled to the article opposite.    *Held:*    Such a device was a lottery within the meaning of the statute (Code, § 4068) ; and the court properly instructed the jury

to find the defendant guilty, if they believed all the evidence beyond a reasonable doubt.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. N. D. DENSON.

The appellant was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment that Sam Reeves set up, or was concerned in setting up or carrying on a lottery. And the grand jury of said county further charge that before the finding of this indictment that Sam Reeves set up, or carried on, was concerned in setting up or carrying on, a lottery or device for a lottery, or sold or was interested or concerned in selling tickets or shares in a lottery, against the peace," &c.

On the trial of the case, as is shown by the bill of exceptions, the witnesses for the State testified that defendant had in his possession, and operating as his own, a circular board arranged with two rings around the board, one near the outer edge of the board and the other just inside of the first, arranged something similar to the face of a clock; that figures ranging from one to fifty were written between said rings, extending around the circumference of the board; that in the center of the board an arrow was fixed on a pivot, with the point of the arrow extending to the numbers between the circles on the board; that there was a nail driven in the board opposite each figure; opposite the figures 1, 10, 20, 30, 40 and 50 two nails were driven; on each nail was attached an article of jewelry, the articles of jewelry ranging in value from five cents to one dollar; on the two nails opposite the figures 1, 10, 20, 30, 40 and 50 was the jewelry of most value, and also opposite one or two of the figures was money, not exceeding one dollar and fifty cents. The arrow could be whirled around by the hand, and when whirled the party would turn it loose and when the force was expended it would stop. The person who wanted to roll it would pay Sam Reeves, the defendant, ten cents, and would whirl the arrow, and whatever nail the point of the arrow stopped nearest to, the person who whirled the arrow would be entitled to the article on it, or its value in money, and if it stopped nearest the nail on which was money, he would get the money. The witnesses further testified that they

had occasionally seen persons get the money on the whirl, and would take it; and that if the person whirling the arrow was dissatisfied with the article which the point of the arrow stopped nearest to, he could, by paying five cents to Reeves, have another whirl. Witnesses further testified that they had seen as many as twenty-five or thirty people around the board at once, some of whom were paying the dime and taking the whirl with the arrow and taking the jewelry. The defendant, as a witness in his own behalf, testified, that he "distinctly told all parties that they were not rolling for the money on the board, but for the jewelry, and that the persons desiring to whirl would pay ten cents and whirl the arrow, and would be entitled to the jewelry nearest to which the point of the arrow stopped, and that the jewelry ranged in value from five cents to one dollar."

Upon this evidence, the court, at the request of the solicitor, charged the jury as follows : "If you, gentlemen of the jury, believe all the evidence in this case beyond a reasonable doubt, you will find the defendant guilty." The defendant duly excepted to the giving of this charge.

C. D. GLOVER, for appellant.—The device used and operated by the defendant was not a lottery within the meaning of the statute, and the general charge in favor of the State should not have been given.—*Buckalew v. State*, 62 Ala. 334 ; *Yellow-Stone Kit v. State*, 88 Ala. 198 ; *Hull v. Ruggles*, 56 N. Y. Ct. App. 424.

W. C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The only question presented by this record is, whether the device used by the defendant for distribution of prizes consisting of jewelry was a distribution thereof by lot or chance, and hence a lottery. The facts are undisputed and will be fully set out in the report of the case. Upon them there can be no doubt that the scheme of distribution or disposition of the jewelry adopted by the defendant was a lottery pure and simple ; and the court properly charged the jury to convict the defendant if they believed the evidence, every other essential to conviction under section 4068 of the Code being shown.—*Buckalew v. State*, 62 Ala.

[Spicer v. The State.]

334; *Yellow-Stone Kit v. State*, 88 Ala. 196, 200; 13 Am.
& Eng. Encyc. of Law, p. 1164; Bish. St. Cr's, § 952;
Bell v. State, 5 Sneed (Tenn.) 507.

There was a verdict of guilt; and the assessment by
the jury of a fine of twenty-five dollars against the de-
fendant. This was followed by a judgment of convic-
tion, and that the defendant "be fined in the sum of
twenty-five dollars." This was a final judgment from
which this appeal was properly taken. No error of law
was committed by the court on the trial which resulted
in this judgment, and it must therefore be affirmed.
Whether the defendant can be put to hard labor for the
fine and costs, if he fail to pay or confess judgment with
surety for the same, is a question not now before us.
See *Ex parte State in re Newton*, 94 Ala. 431.

Affirmed.