# Paulk *v.* Jasper Land Co.

*Action for Money Had and Received.*

1. *Sale of lots ; when transaction constitutes a lottery ; recovery of money paid.*—Where, by contract, parties buy from a land company lots of different values, each agreeing to pay $100, one-half of which is to constitute a trust fund to be used in building manufacturing industries, each purchaser of a lot to have a certificate of paid-up capital stock in some one of the manufacturing establishments so built to the amount of $50, and the lot which each purchaser is to receive is to be determined by drawing from a box or other receptacle a card with a description of a lot on it, which will be the lot said purchaser is to have, such a scheme for selling the lots constitutes a lottery ; and money paid in such a transaction can, under the provisions of the statute, (Code of 1886, § 1742), be recovered back, if the action therefor is commenced within six months from the time of such payment.

2. *Action on gaming contract, condition precedent to its maintenance.*—Under the provisions of section 1742 of the Code of 1886, (Code of 1896, § 2163), which authorizes the recovery of money paid or lost on a gambling contract, if the action therefor is brought within six months from the time of its payment, the requirement of the institution of the statute within six months does not partake of the nature of a statute of limitations, and is not necessary to be pleaded ; but the bringing of the suit within the time prescribed is a condition precedent to the right to maintain the action and to recover the money so paid.

Appeal from the Circuit Court of Walker.

Tried before the Hon. James J. Banks.

This was an action for money had and received, brought by the appellant, James A. Paulk, against the appellee, the Jasper Land Company, on July 27th, 1891.

The plaintiff claimed the money sued for as having been paid under a contract, which was signed by the plaintiff on March 16th, 1888, which the plaintiff in his complaint alleges was never signed by the defendant. This contract was in words and figures as follows : " Agreement of Jasper Land Company. Whereas the Jasper Land Company proposes to sell or cause to be sold 3,000 town lots in and around the city of Jasper, at the rate of $100 per lot, business lots to be not less than

[Paulk v. Jasper Land Co.]

25 feet front, and residence lots not less than 50 feet front. And whereas, the Jasper Land Company hereby agrees to set aside 50 per cent. of the money received from the sale of lots above mentioned, which said fund shall be deposited with the Alabama National Bank as trustee, the same to be invested by said trustee, under the direction of the board of directors of said company, in manufacturing industries or other industrial improvements to be located in or adjacent to the city of Jasper. And whereas said Jasper Land Company proposes to give to each purchaser of a lot or lots a certificate of paid-up capital stock in some one of the manufacturing establishments so built, equal to one-half of the money paid into this company by said purchaser. And whereas the said Jasper Land Company further agrees that upon the full payment of $100 for each lot subscribed ·for, a certificate or other instrument showing that the holder thereof is entitled to a certificate of stock as above stated, to the amount of $50, shall be issued which said certificate shall be received at par in payment for any other lot purchased by the holder thereof from said company after the allotment herein provided for, and until May 1st, 1889. And whereas the said Jasper Land Company further proposes that the particular lot or lots to be taken by the several parties, respectively, subscribing hereto and contracting for the same as hereafter agreed and stipulated, shall be determined as follows, to-wit, the numbers of all lots surveyed, laid out and platted, except each third lot, which is hereby reserved to the company, shall be written or printed upon cards and placed in a box or other receptable ; a committee of subscribers shall be appointed whose duty it shall be to call all the names of the subscribers hereto and the number of lots by each subscribed, and shall cause to be drawn of the cards above mentioned, one card for each and every lot subscribed, and the number or numbers so drawn shall be taken and considered as the number of lots or lot purchased or contracted for him, her or them, respectively ; said division to take place not later than May 1st, 1888. The stock of industrial or manufacturing companies to which each purchaser of a lot or lots is entitled shall be distributed in the same manner as the lots of the company at some period within two years from May 1st, 1888, or immediately upon completion of all industries

built with the 50 per cent. so reserved as above set forth. And whereas said company proposes to sell each lot for the sum of $100 of which $25 shall be paid in cash; $25 on the 15th day of April, 1888, and $50 on the 1st day of November, 1888, with interest from May 1st, 1888, the deferred payments to be made to the Alabama National Bank at Birmingham, Alabama. And whereas it is also expressly stipulated by said company that the failure of any subscriber hereto to meet any payment herein contracted to be made by him at the time herein stipulated, shall forfeit to this company any and all payments previously made by such subscriber and any and all right to stock or lot.

"Now, therefore, we the undersigned, hereby respectively accept the propositions, terms and conditions of said company as hereinabove set forth, and we agree to subscribe for the number of lots respectively set opposite our names, and to pay for the same as hereinabove stipulated."

The grounds upon which the plaintiff bases his right to recovery are set forth in the opinion.

To the plaintiff's complaint the defendant filed the following pleas : " Comes the defendant and for answer to the complaint says, it pleads the general issue.

" 2. For further answer to said complaint this defendant says that the money sued for in the complaint was received by the defendant in payment by the plaintiff under the contract set out in the 2d count of the complaint, for subscription for two lots, and this defendant says that at the time of the making of said contract it owned the said 3,000 lots therein mentioned which had been platted, and all of which were of different values, and this defendant says that the payment therein to be made on the 1st day of November, 1888, was never made." The plaintiff moved the court to strike the second plea from the file, because it was frivolous and constitutes no defense to the action ; and demurred to the second plea upon the following grounds : " 1st. The plea fails to state that the three thousand lots had been platted and the plat acknowledged by the owner and recorded in the office of the judge of probate of Walker county, Alabama. 2. The plea fails to allege any facts which constitute a basis for the allegation of facts which constitute a defense to the complaint. 3. The plea

[Paulk v. Jasper Land Co.]

fails to allege that defendant complied with the statute of frauds." The court overruled the motion to strike the second plea and overruled the demurrers to said plea; and the plaintiff declining to plead further the court rendered judgment in favor of the defendant. From this judgment the plaintiff appeals, and assigns as error the rulings of the court upon the pleadings.

W. H. SMITH, Jr., for appellant.—The defendant did not plead the statute of limitations of six months, as the law required it to do.—*Bolling v. Jones*, 67 Ala. 508; *Huss v. C. R. & B. Co.*, 66 Ala. 472. The six months in which to bring the suit is a statute of limitation, and does not affect the right, but only the remedy.—*Sanger v. Nightingale*, 122 U. S. 176; 2 Rapalje's Law Dic., 761, § 6; 13 Amer. & Eng. Encyc. of Law, pp. 703, 768, 772; *Ludlow v. Van Camp*, 11 Amer. Dec. 529; *Com. v. McGowan*, 7 Amer. Dec. 737; *Belknap v. Gleason*, 27 Amer. Dec. 721; *Pittsburgh, &c., R. R. Co. v. Byers*, 72 Amer. Dec. 770; *McCormick v. Brown*, 95 Amer. Dec. 170.

2. The contract under which the money was paid was void under the statute of frauds.—*Nelson v. Shelby Manf. Co.*, 96 Ala. 515; *Thornton v. S. & B. R. R. Co.*, 84 Ala. 109. The contract was also void for uncertainty, and was unlawful. The plaintiff was, therefore, entitled to recover the money which he had paid under such contract.—*Youngblood v. Bir. T. & S. Co.*, 95 Ala. 521; *Galbreath v. Cole*, 61 Ala. 139.

COLEMAN & BANKHEAD, *contra*.—If the contract was a gambling contract the plaintiff at common law could not recover any money paid under it.—*Samuels v. Ainsworth*, 13 Ala. 366.

The statute—Code of 1886, § 1742—changes the common law so as to authorize a recovery provided suit is brought within six months. The complaint shows that the money was paid in 1888 and the suit was not brought until 1891. This provision requiring the suit to be brought within six months is not a statute of limitations, but is a pre-requisite to the right of recovery. It is not necessary to plead it as it is to plead a statute of limitations.—*Samuels v. Ainsworth*, 13 Ala. 365.

The scheme under which the lots were sold possessed all the elements of a lottery; and the suit for the re-

covery of the money paid in the transaction not being brought within six months, the plaintiff could not maintain his action.—Bishop on Statutory Crimes, § 952; *Yellow Stone Kit v. State*, 88 Ala. 195; *Reeves v. State*, 105 Ala. 120; 2 Bishop Cr. Law, § 945; Clark's Manual Cr. Law, §§ 1825–1829; *Buckalew v. State*, 62 Ala. 334.

HARALSON, J.—This action was commenced in the court below by the appellant against the appellee; and its object, as shown by the several counts in the complaint, was to recover money had and received by the defendant for the use of the plaintiff. The contract under which the money was paid, related to a sale of land by the defendant to the plaintiff, and the right of recovery was sought on the grounds, that the contract was void under the statute of frauds; that it did not designate what land was sold, and was void on that account for uncertainty; that the defendant, the owner of the lands, which it wished to divide into town lots, did not have it surveyed and a plat made thereof, duly certified, acknowledged and recorded as required by the act of February 28, 1887 (Acts 1886–87, p. 93); and that the defendant failed to perform its part of the said contract.

The contention here relied on by appellee is, and the defense relied on below was, that the contract under which the appellee received the money was a gambling contract, in that the money paid by the appellant to appellee was for chances in a lottery which the appellee proposed to set up. Conceding for the purposes of the case, that appellant's right of recovery to be otherwise indisputable, it must be admitted, that if the contention of the appellee be true, there can be no recovery in this action. At common law, gaming, when not conducted so as to be a public nuisance, was not unlawful, and the winner might even maintain an action of assumpsit for the stake won. With us, it is altogether a statutory offense.—8 Am. & Eng. Encyc. of Law, 1034; *Tindall v. Childress*, 2 Stew. & Port. 250; *Samuels v. Ainsworth*, 13 Ala. 368.

Section 1742 of the Code provides that, "All contracts founded in whole or in part on a gambling consideration are void; and any person who has paid money, or delivered anything of value, lost upon any game or

wager, may recover such money, thing, or its value, by action commenced within six months from the time of such payment or delivery.'' That a lottery is a species of gambling we need not stop to consider. It is defined by Bishop, ''to be any scheme whereby one, on paying money or other valuable thing to another, becomes entitled to recover from him such a return in value, or nothing, as some formula of chance may determine.'' Bish. on Stat. Crimes, § 952. For a full discussion of the subject, unnecessary to be repeated here, reference is made to our cases.—*Buckalew v. The State*, 62 Ala. 334; *Yellow Stone Kit v. The State*, 88 Ala. 196; *Reeves The State*, 105 Ala. 120, and the authorities referred to in those cases.

The facts are undisputed, appearing as they do in the contract set out in the second and following counts in the complaint. Upon them, there can be no doubt that the scheme for selling the lots was a lottery.

The section of the Code copied above, which authorizes money lost at gaming to be recovered, requires suit to be brought therefor within six months from the time of its payment. This requirement, as we have held, is not in the nature of a statute of limitations, which merely takes away the remedy, necessary to be pleaded in bar; but under the provision, the right to recover, or the right of action, depends upon bringing the suit within the time prescribed. Otherwise, the plaintiff can claim only such right as he had at common law, which gave him no right of recovery.—*Samuels v. Ainsworth*, 13 Ala. *supra*. This suit was not brought within the time prescribed by law.

If the court erred in its rulings as to plea number 2, it was error without injury, since under the contract as set out in each count of the complaint except the first, the plaintiff has no right of recovery. He declined to join issue on the plea of the general issue to the first count, and to try the case thereon. There was no error, therefore, in rendering judgment for defendant.

Affirmed.