[Johnson v. The State.]

|137   101
|137    21

# Johnson v. The State.

*Indictment for Carrying on Lottery.*

1. *Trial and its incidents; right of court to nol pros.*—Where an indictment against a defendant contains two or more counts, it is permissible for the court, on motion of the solicitor for the State, to enter a *nol. pros.* as to any of said counts.

2. *Lottery; what constitutes; slot machine.*—On a trial under an indictment for carrying on a lottery, the undisputed evidence showed that defendant owned and operated a machine with a wheel on the side which revolved around a stationary arrow; on the disk or outer rim of said revolving wheel there were separate and divided colors of different shades; these colors were valued at different amounts. At the top of the machine there were four slots or places where those wishing to play the machine deposited a nickel or five cents; after depositing the money in the slot the person playing the machine stated on which color he played; he would then give the wheel a whirl or turn, and if when the wheel stopped the stationary arrow pointed to the color he had chosen, he won whatever that color was valued at; if the arrow did not point to the color chosen he lost. *Held*: Such a device was a lottery within the meaning of the statute (Code, § 4808), and upon such evidence the court properly instructed the jury to find the defendant guilty if they believed the evidence beyond a reasonable doubt.

3. *Lottery; slot machines; no conflict in statutes.*—There is no conflict between the act approved February 13th, 1897, "to prevent the use of wheels of fortune, chance games and rafflings, or devices of like kind," (Code, bottom p. 287), and the statute prohibiting the carrying on of a lottery (Code, § 4808). (McClellan, C. J., *dissenting.*)

4. *Carrying on a lottery; having a license no defense; admissibility of evidence.*—It is no defense to an indictment for carrying on a lottery as prohibited by the State (Code, § 4808), that the owner thereof had a license for the carrying on of said lottery; and, therefore, on a trial under such an indictment, a license issued to the owner authorizing him to operate said machine, is not admissible in evidence.

5. *Same; admissibility of evidence.*—On a trial under an indict-

[Johnson v. The State.]

ment for carrying on a lottery, the fact that the defendant operated the machine or device constituting a lottery openly and had never been forbidden by the authorities to operate it, is immaterial and inadmissible in evidence.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. S. H. SPROTT.

The appellant in this case, Tom Johnson, was indicted, tried and convicted for carrying on a lottery. The facts relating to the court entering a *nol. pros.* as to the second and third counts of the indictment, are sufficiently shown in the opinion.

The witness for the State testified that the defendant was the proprietor and owner of a saloon in the town of Fayette, Alabama; that he had been in the defendant's place of business frequently before the finding of the indictment in this case, and had played on the machine owned by the defendant and kept on the counter of his bar, and had seen others play on said machine. The machine was described by said witness substantially as follows: It was a machine with a wheel on the side which revolved around a stationary arrow; and on the disk or outer rim of said revolving wheel there were separate and divided colors of different shades. These separate colors represented different values; one color represented ten cents; one, twenty-five cents, one, fifty cents, and one, one dollar. These colors were black, red, yellow, etc. At the top of the machine are four separate slots or places where those who wish to play the machine are required to deposit a nickel or five cents. After depositing the nickel in the slot or place provided therefor, the persons playing the machine are required to state on which color they played; after so stating they would give the wheel with the colors marked on it a whirl or turn, and if when the wheel stopped the stationary arrow pointed to the color the person playing the wheel had chosen, then said person won whatever that color was valued at and received the money accordingly. If when the wheel stopped the arrow was not pointing to the color chosen by the person playing the machine, he lost and received nothing. The witness further testified

[Johnson v. The State.]

that he had seen. persons win and loose on the machine, and had lost and won in playing it himself.

On the cross-examination of this witness he was asked whether or not the machine was openly exhibited on the counter in the defendant's place of business. The State objected to this question on the ground that it called for illegal, irrelevant and immaterial evidence. The court sustained the objection, and to this ruling of the court the defendant duly excepted. The defendant then asked said witness several questions as to whether or not he had ever heard the defendant solicit people to play on the machine, or had ever known of the town authorities asking or requesting the defendant to stop operating said machine. To each of said questions the State objected, the court sustained such objections, and to each of such rulings the defendant separately excepted.

The defendant as a witness in his own behalf testified that he had operated such a machine as was described by the State's witness. The defendant, as a witness in his own behalf, was asked whether or not he had a license issued to him by the judge of probate permitting him to operate said machine. The State objected to this question, the court sustained its objection, and the defendant duly excepted. The defendant offered to introduce in evidence the license which he had procured for operating said machine. The State objected to the introduction of said license, the court sustained the objection, and the defendant duly excepted.

The court, at the request of the State, gave to the jury the following written charge: "If the jury believe the evidence in this case beyond a reasonable doubt, they will find the defendant guilty as charged in the first count of the indictment." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the following charge requested by it: "If the jury believe the evidence, they will find the defendant not guilty."

JAMES J. RAY, for appellant.—The court erred in entering a *nol. pros.* in this case. The offense charged in the third count was different from the offense charged in the

[Johnson v. The State.]

other two. The defendant cannot be convicted for carrying on a lottery; if he was guilty of any offense it was the offense of violating the act approved February 13th, 1897, "to prevent the use of wheels of fortune, chance games, and rafflings or devices of like kind." This later act repealed section 4808 of the Code, so far as it related to slot machines; and said section being repealed, the defendant cannot be found guilty.—*Kinney v. Mallory*, 3 Ala. 628; *Washington v. The State*, 72 Ala. 276; *Smith v. Speed*, 50 Ala. 279; *Bank v. Jones*, 5 Ala. 489; *George v. Skeates*, 19 Ala. 742; *U. S. v. Fisher*, 2 Cranch 250; *Faw v. Marstelr*, 2 Cranch 10; *Paulina's Cargo v. U. S.*, 7 Cranch 52; *Bartlett & Waring v. Morris*, 9 Port. 286; *Carlisle & Jones v. Godwin*, 68 Ala. 139; *Reese v. State*, 73 Ala. 19.

CHAS. G. BROWN, Attorney-General, for the State. If machine as operated was a lottery. then it is clear that the court did not err in its rulings upon the objections to the testimony.—*Loiseau v. State*, 114 Ala. 34; *Hewlett v. Camp*, 115 Ala. 499.

That it was a lottery is shown by the following authorities: *Loiseau v. State, supra; Reeves v. State,* 105 Ala. 120; *Bell v. State,* 5 Smith (Tenn.) 507; 19 Amer. & Eng. Ency. Law (2d ed.), 538; *State v. Clark,* 33 N. H. 335; *Homer v. United States,* 147 U. S. 449.

DOWDELL, J.—The indictment in this case contained three counts. The first charged, that the defendant "set up or was concerned in setting up or carrying on a lottery;" the second count charged that the defendant "set up or carried on, or was concerned in setting up or carrying on a lottery or device for a lottery, or sold or was interested in selling tickets or shares in a lottery;" and the third count charged that the defendant "set up or carried on, or operated a lottery, to-wit, a slot machine," etc.

Before entering upon the trial, the court, on motion of the solicitor, entered a *nol. pros.* as to the second and third counts against the objection of the defendant. This action of the court was permissible, and the objection of the defendant was wholly without merit.

The case was then tried on the first count resulting in a verdict and judgment of guilty. The controlling question in the case is, whether the machine described in the evidence, with the uses to which it was put, falls within the definition of a lottery, the carrying on of which is denounced both by our constitution and statutes. In *Loiseau v. The State*, 114 Ala. 38, it was said by this court: "Lot has been correctly defined to be, 'a contrivance to determine a question by chance, or without the action of man's choice or will.' To be a criminal lottery, there must be a consideration, and when small amounts are hazarded to gain large amounts, and the result of winning to be determined by the use of a contrivance of chance, in which neither choice nor skill can exert any effect, it is gambling by lot, or a prohibited lottery." Under the undisputed facts before us as to the device used, and the manner of its use, every element essential to constitute a prohibited lottery within the above definition, is present. It is wholly immaterial by what name the device is designated or called, if the essential elements of a lottery be present in the uses to which it is put, it falls under the prohibition of the law against lotteries. The case of *Reeves v. State*, 105 Ala. 120, bears a striking analogy to the case at bar. There is no difference in principle, and on the facts, we think that case is conclusive on the question here.

We do not think there is any conflict between the act approved February 13, 1897, which may be found in the margin on page 287 of the Criminal Code, and section 4808 of the Criminal Code. There is a field of operation for both statutes. A slot machine, denounced by the act of February 13th, may be so used as to be wanting in some of the elements of a lottery, and still fall within the prohibition of that act. It was no doubt the purpose of the Legislature in the enactment of this statute to prohibit the games of chance therein designated, when the same might be so carried on, as to fall without the definition of a lottery, and still possess some element of gambling.

Further quoting from *Loiseau v. The State, supra*, on page 38, it was said: "The Legislature has no authority to authorize the licensing of slot machines to be used as the evidence shows it was used in the present case.

[Dillard v. The State.]

We would not be understood as deciding that a slot machine is necessarily one of lot, within the prohibition of the law; nor do we hold that a wheel of fortune carries with it the legal import of a lottery. Whether it is so or not depends upon the use to which it is put in the particular case. Whatever may be the name or character of the machine or scheme, if in its use a consideration is paid, and there is gambling, the hazarding of small amounts to win larger, the result of winning or losing to be determined by chance in which neither the will nor skill of man can operate to influence the result, it is a determination by 'lot' within the comprehensive word 'lottery' used in the constitution of this State."

The device here, though called a slot machine, and the manner of its use as shown by the evidence, falling clearly within the definition of a lottery, the court committed no error in sustaining the objection of the State to the introduction in evidence of the license, since it is not within the power of the legislature to authorize the licensing of a lottery. Nor do we find that the court committed any error in other rulings on the admission and rejection of evidence.

No error being shown by the record, the judgment of the circuit court will be affirmed.

McClellan, C. J., *dissenting.*