The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, AR 71730
Dear Representative Mahony:
This is in response to your request for an opinion on whether two appointed members of a newly formed community college board, who are to draw for their terms of office, may exchange terms after they have drawn.
Specifically, you indicate that a newly formed community college board met for the first time in April. The members had been appointed by the Governor as provided for in Section 10 of Act 560 of 1977. See also A.C.A. § 6-61-520. The actual language of that act provides that:
 The initial members of each local Board shall be appointed by the Governor with the advice and consent of the Senate, and such members shall draw for terms and position numbers. The terms of three (3) of such members shall expire on December 31, of the first even numbered year after such appointment; the terms of three (3) of such members shall expire on December 31, of the second even numbered year after such appointment; and the terms of three (3) of such members shall expire on December 31, of the third even numbered year after such appointment.
You indicate that a member who drew a six-year term expressed a desire to exchange terms with a member who drew a two-year term. Your question is whether a member can exchange terms under these circumstances, and, if so, what action would be necessary by the board or the individuals to effectuate the exchange.
We have found no apposite Arkansas cases on the question posed. Additionally, there appear to be no helpful cases from other jurisdictions deciding the question. It is my opinion, however, based upon the language of the act, that an exchange of terms is not contemplated or authorized.
The act requires the board members to "draw" for terms and positions. "Draw" is defined in this regard as "a lot or chance drawn at random." Webster's Seventh New Collegiate Dictionary
(1979) at 252. The word "lot" has been defined as signifying the existence of the element of chance, and as a contrivance to determine a question by chance or without action of a man's choice or will. Dick v. Kazen, 156 Tex. 122, 292 S.W.2d 913
(1956); Johnson v. State, 137 Ala. 101, 34 So. 1018 (1903); andLynch v. Rosenthal, 144 Ind. 86, 42 N.E. 1103 (1896).
It is thus my opinion that the relevant act contemplates that the terms of office of these board members will be determined at random and without the influence of individual choice or will over the question. The statute simply does not envision or provide any procedure for the exchanging of terms of office by the board members. Although it may appear that such an action would be a harmless exchange of a result determined by chance in the first instance, I cannot conclude that such a practice would be lawful under the act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh