## HENRY HODGKINS *vs.* INHABITANTS OF ROCKPORT.

The school committee has authority, not subject to revision if exercised in good faith, to exclude a pupil from a public school for misconduct which injures its discipline and management; and the expulsion of such a pupil from the school by a part of the committee, unanimously ratified afterwards by the full committee, is not an irregularity in the exercise of the authority, which gives the pupil a right of action against the town.

MORTON, J. The plaintiff is a minor, an inhabitant of Rockport, and entitled to attend the public schools of that town. In June 1868, he, being a scholar in the high school, was excluded from said school for alleged misconduct. He brings this action under the Gen. Sts. *c.* 41, § 11, by his next friend, to recover damages for such exclusion, alleging it to be unlawful. In the superior court, trial by jury was waived, and the court, upon the facts and evidence stated at length in the bill of exceptions, ruled that the action could not be maintained, and found for the defendants. The presiding judge found as a fact, "that the alleged misconduct of the plaintiff in said school was not mutinous or gross, and did not consist of a refusal to obey commands of the teachers of said school, or of any outrageous proceeding, but of such acts of neglect, carelessness of posture in his seat and in recitation, tricks of playfulness, and inattention to study and the regulations of said school in minor matters, as have been hereinbefore stated." In the preceding part of the bill of exceptions these acts of misconduct are described as "whispering, laughing, acts of playfulness and rudeness to other pupils, inattention to study, and conduct tending to cause confusion and distract the attention of other scholars from their studies and recitations." For such misconduct, persisted in after repeated remonstrances and admonitions by the teachers and members of the committee, the school committee excluded the plaintiff from the school, and refused to permit him to return. The question is, whether this exclusion was unlawful.

The sixteenth section of chapter thirty-eight of the General Statutes provides that the school committee "shall have the general charge and superintendence of all the public schools in town."

This general power, by necessary implication, includes the power to make all reasonable rules and regulations for the discipline, government and management of the schools, and also the power to exclude a child from school for sufficient cause. *Roberts* v. *Boston*, 5 Cush. 198. *Sherman* v. *Charlestown*, 8 Cush. 160. *Spiller* v. *Woburn*, 12 Allen, 127. And when a scholar is guilty of misconduct which injuriously affects the discipline and management of the school, we think the law vests in the school committee the power of determining whether the welfare of the school requires his exclusion. They are required by law to visit the schools frequently, for the purpose of inquiring " into the regulation and discipline of the schools, and the habits and proficiency of the scholars therein ; " Gen. Sts. *c.* 38, § 26 ; and they are thus in a situation to judge, better than any other tribunal, what effect such misconduct has upon the usefulness of the school and the welfare of the other scholars ; and if they exercise this power in good faith, their decision is not subject to revision by the court.

In the case at bar, the committee, acting in good faith, excluded the plaintiff from school " on account of his general persistence in disobeying the rules of the school, to the injury of the school." He was guilty of acts of misconduct, which, if persisted in, it is clear, might seriously interfere with the discipline and impair the usefulness of the school. Whether they had such an effect upon the welfare of the school as to require his expulsion, was a question within the discretion of the committee, and upon which their action is conclusive.

We see no force in the objection that the proceedings of the school committee were irregular. Much of the power of the committee, as to the preservation of order and the maintenance of discipline, must necessarily be delegated to its different members and the teachers, and must be exercised without any vote or record. *Huse* v. *Lowell*, 10 Allen, 143. We have no doubt that they may send a scholar out of the school, if the exigencies of the case require it, subject to the future action of the committee. In this case, two members of the committee sent the plaintiff from school, and on the same day reported the case to the full com-

mittee, who unanimously voted to exclude him. We can see no irregularity in these proceedings which gives the plaintiff a right of action against the town. The result is, that the plaintiff is not entitled to maintain this action. *Exceptions overruled.*

*J. C. Perkins,* for the plaintiff.

*B. H. Smith,* for the defendants, was not called upon.