## CLARA RUSSELL *vs.* INHABITANTS OF LYNNFIELD.

Essex. Nov. 4. — Dec. 17, 1874. AMES & DEVENS, JJ., absent.

One member of the school committee of a town made a rule that if a scholar was twice tardy the teacher should send the scholar to him. The other members of the committee subsequently assented to the rule. The plaintiff was excluded by a teacher from a school for refusing to comply with this rule. *Held,* that the scholar was not unlawfully excluded within the Gen. Sts. *c.* 41, § 11, although there was no record made of the order of the committee.

TORT brought in the name of the plaintiff by her next friend, under the Gen. Sts. *c.* 41, § 11, for the unlawful exclusion of the plaintiff from a public school in Lynnfield.

At the trial in the Superior Court, before *Wilkinson,* J., it appeared in evidence that the plaintiff was excluded by the teacher, under the direction of Jacob Hood, one of the school committee, for not conforming to a rule made by Hood for the government of the school. After the exclusion, application was made by the father of the plaintiff to Hood, to state in writing the grounds

and reason of the exclusion; and he replied as follows: "In consequence of much tardiness during the last school term, I made the rule that when a scholar was twice tardy the teacher send that scholar to me. That rule has worked admirably in both the Centre schools. On Thursday morning, April 24, Clara Russell, daughter of Levi S. Russell, was tardy the second time; accordingly the teacher told her to come to me. Clara left the school-room, and instead of coming to me as the rule required, she went directly home; and in consequence of Clara's disobedience, the teacher suspended her from school until she will conform to the rules."

It appeared, upon examination of the books of the school committee, that there was no record that such rule had been made or confirmed by the school committee, but there was evidence that, at a meeting of the board for another purpose, Hood stated that he had made such a rule, and each of the other members expressed his approbation of it.

Upon this evidence, the plaintiff requested the judge to instruct the jury, that "if the plaintiff, a scholar in a public school of Lynnfield, was excluded from the school by the teacher, acting under the direction of one of the school committee of the town, for disobedience of a rule relating to tardiness which had been made by such member of the school committee without a vote of the board or a vote confirming the same, then this action could be maintained." The judge refused so to rule; the jury found for the defendant; and the plaintiff alleged exceptions.

*C. A. Benjamin*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.

COLT, J. For the disobedience of a regulation established to prevent tardiness, the plaintiff was suspended from a public school until she should conform to the rule. This action is brought under the statute which declares that "a child unlawfully excluded from any public school shall recover damages therefor in an action of tort, to be brought in the name of such child by his guardian or next friend against the city or town by which such school is supported." Gen. Sts. *c.* 41, § 11.

The exclusion which the plaintiff complains of in this case was by the school teacher, acting under the direction of one member of the school committee. It is contended to have been unlawful

solely because the rule in question had not been formally established or confirmed by vote of the school committee, duly entered upon their records. The school committee are required to have the general charge and superintendence of all the public schools in town, and to keep a record of their votes, orders and proceedings. Gen. Sts. *c.* 38, §§ 16, 22. But this does not imply that all rules and orders required for the discipline and good conduct of the schools shall be matter of record with the committee, or that every act in regard to the management of each school in these respects should be authorized or confirmed by formal vote. It would be practically impossible sufficiently to provide for such matters by a system of rules, however carefully prepared and promulgated. Much must necessarily be left to the individual members of the committee and to the teachers of the several schools. *Huse* v. *Lowell,* 10 Allen, 149. *Hodgkins* v. *Rockport,* 105 Mass. 475.

Upon the case here presented, we cannot see that there was not a reasonable exercise on the part of the teacher of the power necessary to punish disobedience and promote the proper government and discipline of the school. And the power so exercised in this instance was in no way impaired or diminished by the fact that the teacher acted, under the direction of one member of the committee, according to a rule made by him, but expressly approved of by each of the other members. *Sherman* v. *Charlestown,* 8 Cush. 160. *Spiller* v. *Woburn,* 12 Allen, 127.

*Exceptions overruled.*