## JOHN A. WATSON *vs.* CITY OF CAMBRIDGE.

Middlesex. November 30, 1892. — January 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Decision of School Committee — Rights of Pupils — Revision by Court.*

The decision of the school committee of a city or town, acting in good faith in the management of the schools upon matters of fact directly affecting the good order and discipline of the schools, is final so far as it relates to the rights of pupils to enjoy the privileges of the school, and is not subject to a revision by a court.

TORT, under the Pub. Sts. c. 47, § 12, to recover damages for the exclusion of the plaintiff by the school committee from the schools of the defendant city. At the trial in the Superior Court, before *Bond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. J. McIntire*, for the defendant.

*A. H. Russell*, ( *C. E. Haywood* with him,) for the plaintiff.

KNOWLTON, J. The records of the school committee of the defendant city set forth that the plaintiff in 1885 was excluded from the schools "because he was too weak-minded to derive profit from instruction." He was afterwards taken again on trial for two weeks, and at the end of that time again excluded. The records further recite that "it appears from the statements of teachers who have observed him, and from the certificates of physicians, that he is so weak in mind as not to derive any marked benefit from instruction, and, further, that he is troublesome to other children, making uncouth noises, pinching others, etc. He is also found unable to take the ordinary decent physical

care of himself." The evidence at the trial tended strongly to show that the matters set out in the records were true.

"The defendant requested the court to rule that, if the facts were true which are set forth in the records of the committee as the cause of the exclusion of the plaintiff from the public schools, the determination of the school committee thereon, acting in good faith, was final, and not subject to revision in the courts." The court refused so to rule, and submitted to the jury the question whether the facts stated, if proved, showed that the plaintiff's presence in school "was a serious disturbance to the good order and discipline of the school."

The exceptions present the question whether the decision of the school committee of a city or town, acting in good faith in the management of the schools, upon matters of fact directly affecting the good order and discipline of the schools, is final so far as it relates to the rights of pupils to enjoy the privileges of the school, or is subject to revision by a court. In *Hodgkins* v. *Rockport*, 105 Mass. 475, it appeared that the school committee, acting in good faith, excluded the plaintiff from school on account "of his general persistence in disobeying the rules of the school, to the injury of the school." Of the plaintiff's acts of misconduct it is said, in the opinion in that case, that "whether they had such an effect upon the welfare of the school as to require his expulsion, was a question within the discretion of the committee, and upon which their action is conclusive." The principles there laid down are decisive of the present case. It was found by the presiding justice that the alleged misconduct of the plaintiff in that case was not mutinous or gross, and did not consist of a refusal to obey the commands of the teachers, or of any outrageous proceeding, but of acts of neglect, carelessness of posture in his seat and recitation, tricks of playfulness, inattention to study, and regulations of the school in minor matters. The only difference between the acts of disorder in that case and in this is that in this they resulted from the incapacity and mental weakness of the plaintiff, while in the other they were wilful or careless, the result, in part, of youthful exuberance of spirits and impatience of restraint or control. In their general effect upon the school they were alike, and the reasons for giving the school committee, acting in good faith, the power to

decide finally a question affecting so vitally the rights and interests of all the other scholars of the school, are the same in both cases.

Under the law, the school committee " have the general charge and superintendence of all the public schools in the town " or city. Pub. Sts. c. 44, § 21. The management of the schools involves many details, and it is important that a board of public officers, dealing with these details and having jurisdiction to regulate the internal affairs of the schools, should not be interfered with, or have their conduct called in question before another tribunal, so long as they act in good faith within their jurisdiction. Whether certain acts of disorder so seriously interfere with the school that one who persists in them, either voluntarily or by reason of imbecility, should not be permitted to continue in the school, is a question which the statute makes. it their duty to answer, and if they answer honestly in an effort to do their duty, a jury composed of men of no special fitness to decide educational questions should not be permitted to say that their answer is wrong. *Spear* v. *Cummings,* 23 Pick. 224, 226.

We are of opinion that the ruling requested should have been given. *Exceptions sustained.*