WILBERT A. BISHOP *vs.* INHABITANTS OF ROWLEY.

Essex. January 21, 1896. — March 9, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Exclusion of Pupil from Public School — Authority of School Committee — Action — Finding.*

If the school committee of a town exclude permanently from a public school a pupil, who has been suspended therefrom by his teacher for alleged misconduct, without giving the pupil an opportunity, which is applied for and refused, to be heard upon the question of fact involved in his alleged misconduct, such exclusion is unlawful, and an action therefor may be maintained against the town; and such action is not defeated by a finding of the court that the pupil was disrespectful to the teacher.

TORT, for an alleged unlawful exclusion of the plaintiff from a public school of the defendant town, in which he was a pupil. Trial in the Superior Court, without a jury, before *Lilley*, J., who allowed a bill of exceptions, in substance as follows.

As the children were assembling one morning before the opening of school, a pupil in another room than that of the plaintiff's threw some gravel against a window of the building. The plaintiff's teacher came from the building, and, not knowing the name of the boy who threw the gravel, asked the plaintiff the boy's name, but the plaintiff, although he knew the name, declined to tell it, and the teacher, claiming that the plaintiff's manner was disrespectful and impudent, excluded him from the school until he should receive the permission of the school committee to return.

Upon all the evidence in the case, the judge found that the school committee of the defendant town had adopted a rule whereby, as a punishment for disobedience or misbehavior on the part of a pupil, his teacher should send him to the school committee, or some member thereof, for a permit to return to the school, and such pupil should not be allowed to return to the school without such permit; that their rule had been communicated to the plaintiff's teacher prior to the time of the plaintiff's alleged misconduct; that the plaintiff, upon the occasion alluded to, was disrespectful to his teacher, and his conduct was sub-

versive of proper school discipline; that the teacher, as a punishment therefor, suspended the plaintiff until he should obtain from the school committee their permission to return, and directed him to see a member of the school committee and obtain such permission; that the school committee continued such suspension, and would not allow the plaintiff to return to the school until he should apply to some one of them for such permission to return, and promise to do his best at school; that the plaintiff did not apply, but refused to apply to the committee for such permission; that the plaintiff's father applied to the school committee for a hearing by them upon the matter of the plaintiff's alleged misconduct, and the question of fact involved therein; and that the committee refused to give such hearing.

The plaintiff requested the judge to rule that, upon these facts, there had been an unlawful exclusion from a public school within the meaning of the statutes; and that he was entitled to recover damages therefor.

The judge declined so to rule, but ruled otherwise; and found for the defendant.

The plaintiff alleged exceptions.

*W. H. Moody & J. H. Pearl*, for the plaintiff.

*C. A. Sayward & H. P. Moulton*, for the defendants.

ALLEN, J. For an alleged fault, the teacher excluded or suspended the plaintiff from school until he should receive the permission of the school committee to return. The school committee continued such suspension, and would not allow the plaintiff to return to the school until he should apply to some one of them for permission to return, and promise to do his best at school. This assumed that he had been guilty of a fault, and required from him a virtual acknowledgment thereof. His father applied to the school committee for a hearing by them upon the matter of the plaintiff's alleged misconduct, and the question of fact involved therein. The committee refused to give such hearing.

It is well settled that a teacher has no authority to exclude a child permanently from school, unless such teacher acts under the order of the school committee. This authority is vested in the school committee, to whom a parent must appeal in case

of a teacher's refusal to instruct a child. It is the act of the school committee of which the plaintiff complains. No question arises as to the extent of a teacher's authority, because the permanent exclusion of the plaintiff was not the teacher's act.

If a school committee acts in good faith in determining the facts in a particular case, its decision cannot be revised by the courts. *Watson* v. *Cambridge*, 157 Mass. 561. *Davis* v. *Boston*, 133 Mass. 103. *Hodgkins* v. *Rockport*, 105 Mass. 475. *Sherman* v. *Charlestown*, 8 Cush. 160. But the power of exclusion is not a merely arbitrary power, to be exercised without ascertaining the facts. In all the cases heretofore decided by this court the essential facts were not in dispute. In the present case the facts were in dispute, and a hearing was asked for on the question of fact, and it was refused. Under these circumstances, the permanent exclusion of the plaintiff from school was unlawful. The school committee should have given the plaintiff or his father a chance to be heard upon the facts, or, in other words, should have listened to his side of the case. The plaintiff was therefore entitled to maintain an action against the town. Pub. Sts. c. 47, §§ 4, 12.

Such action is not defeated by the finding of the court that the plaintiff was disrespectful to the teacher. The effect of this finding upon the question of damages is not now before us.

*Exceptions sustained.*