## VANETA L. ALVORD vs. INHABITANTS OF CHESTER.

Hampden.    September 24, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Schools and School Committee,* Regulations.

The right given to every child by St. 1898, c. 496, § 7, to attend the public schools is not unqualified, but is "subject to such reasonable regulations as to the numbers and qualifications of pupils to be admitted to the respective schools, and as to other school matters, as the school committee shall from time to time prescribe."

A regulation adopted by the school committee of a town, that children under the age of seven years must enter a certain school at the beginning of the fall term, or within three or four weeks thereafter, is a reasonable rule, and a child excluded in accordance with it has no remedy.

It is not essential to the validity of a regulation adopted by the school board of a town, that it should be recorded in the permanent record book of the committee, required to be kept by Pub. Sts. c. 44, § 27. The provision, that all the votes, orders and proceedings of the board shall be recorded by the secretary, is merely a direction to him.

TORT by an infant, by her father and next friend, for the exclusion of the plaintiff from a public school in the town of Chester.   Writ dated April 25, 1900.

At the trial in the Superior Court, before *Lawton,* J., without a jury, it appeared, that the plaintiff at the time of her exclusion from the school in April, 1900, was five years and ten months old, that she applied for admission to a public school for beginners taught by one teacher, and that at the time of the application there were children younger than the plaintiff attending this school.   The rule under which the plaintiff was excluded was as follows: That "All pupils must enter this school at the beginning of the fall term, or within three or four weeks thereafter; and that pupils desiring to enter at any other time were excluded unless found qualified to enter the classes then in said school."   This rule did not apply to children between the ages of seven and fourteen years, and children between those ages had the right to attend the public schools at any time.

The rule was not recorded in the permanent record book provided for in Pub. Sts. c. 44, § 27, and there was no record in the

book of any vote or order regulating the time of admission to the respective schools.

The plaintiff requested rulings, that the plaintiff was excluded unlawfully because the regulation was not recorded in the permanent record book, that the regulation was not a lawful one, and that the plaintiff being of school age had the same right to attend the public schools as if she had been between seven and fourteen years of age.

The judge refused to give the rulings and found for the defendant; and the plaintiff alleged exceptions.

*C. D. Smith*, for the plaintiff.

*A. S. Kneil*, for the defendant.

BARKER, J.   The sole reason for the exclusion of the plaintiff from school was the regulation adopted by the school committee to the effect that children under the age of seven years could not enter the school except at the beginning of the fall term or within three or four weeks thereafter unless qualified to enter classes existing in the school at the time of entry.

This was a reasonable rule.   Children under seven years of age, although allowed to attend the public schools, are not required to attend.   St. 1898, c. 496, § 12.   Grading is a permitted if not an essential feature of the public school system. The introduction, late in the school year, of a very young scholar not qualified to enter the existing classes, would tend to impair the efficiency of the school, and so to prevent the other scholars from obtaining such advancement in learning and in training as would enable them to proceed with their education in due course. The right given to every child by St. 1898, c. 496, § 7, to attend the public schools is not unqualified but is " subject to such reasonable regulations as to the numbers and qualifications of pupils to be admitted to the respective schools, and as to other school matters, as the school committee shall from time to time prescribe."

Nor was it essential to the validity of the regulation that it should be recorded in the permanent record book of the school committee, required by Pub. Sts. c. 44, § 27.   That section directs the committee to appoint a secretary and directs the secretary to keep a permanent record book in which all the votes, orders and proceedings of the committee shall be recorded.   But

this does not make invalid all rules and orders of the committee not so recorded. *Russell* v. *Lynnfield*, 116 Mass. 365, 367. See also *Libby* v. *Douglas*, 175 Mass. 128, 130.

*Exceptions overruled.*

