MARY D. HAMMOND *vs.* INHABITANTS OF HYDE PARK.

J. FOREST HAMMOND *vs.* SAME.

Norfolk.    January 18, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*School and School Committee.    Vaccination.    Statute.*

The provision of R. L. c. 44, § 6, that " a child who has not been vaccinated shall not be admitted to a public school except upon presentation of a certificate signed by a regular practising physician that he is not a fit subject for vaccination," does not give an unvaccinated child presenting such a certificate an absolute right to attend school at all times, and a regulation made in good faith by the school committee of a town, where smallpox has been prevailing for several weeks and the board of health have given notice that free vaccination will be furnished, " to exclude from attendance all unvaccinated children and also all children who do not present a certificate of revaccination as required by the board of health, until such time as this committee may become satisfied that the imminent danger from contagion of smallpox in our town has ceased," is a reasonable one, under which a child holding such a certificate as described in the statute lawfully may be suspended from attendance at a public school until the crisis has passed.

KNOWLTON, C. J.    Each of the plaintiffs was suspended from one of the public schools of the defendant town because of a

refusal to be vaccinated at a time when smallpox was prevalent in the town. A short time before the suspension the school committee made a regulation as follows: " Voted, to exclude from attendance all unvaccinated children and also all children who do not present a certificate of revaccination as required by the board of health, until such time as this committee may become satisfied that the imminent danger from contagion of smallpox in our town has ceased."

Our statutes give the school committee of a town " general charge and superintendence of all the public schools," etc. R. L. c. 42, § 27. This power is broad and ample. For the promotion of the best interests of pupils and of all the people, it necessarily has been construed broadly by the court. *Roberts* v. *Boston*, 5 Cush. 198. *Sherman* v. *Charlestown*, 8 Cush. 160. *Spiller* v. *Woburn*, 12 Allen, 127. *Morse* v. *Ashley*, 193 Mass. 294.

By the R. L. c. 44, § 3, children are given the right to attend the public schools, " subject to such reasonable regulations as to the numbers and qualifications of pupils to be admitted to the respective schools and as to other school matters, as the school committee shall from time to time prescribe." We have no doubt that the condition of pupils, in reference to the risk of exposing other pupils in the school to a contagious disease, is to be considered in making regulations as to their qualifications for admission to the school. In *Sherman* v. *Charlestown*, 8 Cush. 160, it was held that the school committee may exclude from the public schools a child whom they deem to be of a licentious and immoral character, although such character is not manifested by any acts of licentiousness or immorality within the school. In giving the opinion Chief Justice Shaw used these words: " Take the case of contagious disease: can it be doubted that the presence of a pupil infected could be lawfully prohibited, not for any fault or crime, or wrong conduct, but simply because his attempt to insist on his right to attend, under such circumstances, would be dangerous and noxious, and so an interruption of the equal and common right?" So, if one who never had been vaccinated should refuse to be vaccinated in accordance with a lawful order of the board of health, when an epidemic of smallpox was prevalent in the neighborhood, the

same reasoning would apply. See *Commonwealth* v. *Jacobson*, 183 Mass. 242; *Jacobson* v. *Massachusetts*, 197 U. S. 11.

In the R. L. c. 44, § 6, we find this language: " A child who has not been vaccinated shall not be admitted to a public school except upon presentation of a certificate. signed by a regular practising physician that he is not a fit subject for vaccination." Each of these plaintiffs presented such a certificate. It appeared that it was given without an examination of either of them; and the daughter of the physician testified, he having deceased, that her father was a member of what is called the Anti-Vaccination Society, and it was his opinion that nobody was a fit subject for vaccination, and he would give a certificate to anybody who applied for it that that person was not a fit subject for vaccination.

The judge instructed the jury as follows: " The statutes seem to provide that the school committee may exclude from the public schools children who have not been vaccinated, excepting such as present certificates from a practising physician that they are unfit subjects for vaccination. The plaintiffs in these cases have presented certificates which the court rules were sufficient in point of form, that they are or were unfit subjects for vaccination. That having been done, the school committee have no authority under the laws of this Commonwealth to exclude such children from the public schools." He then ordered verdicts for the plaintiffs and reported the cases for the determination of this court.

The question on this instruction is whether the statute which absolutely forbids the admission of an unvaccinated child to a public school at any time, without a certificate from a physician, is an implied enactment that, with a certificate, such a child shall be permitted to attend at all times, even when smallpox is raging in the neighborhood. We see nothing to indicate such an intention on the part of the Legislature. This is a prohibition of attendance at any time except upon a condition. There is an implication that, with the certificate, such a child properly may be permitted to attend when there is no particular reason to apprehend danger; but it was not intended to take away from the school committee the power to make proper regulations for the protection of all the pupils, if the prevalence

of smallpox seems to require special precautions. The ruling of the court was wrong.

By the terms of the report made at the request of the parties, such entry is "to be made in each case as law and justice may require." It is expressly admitted that the school committee acted in good faith. The uncontradicted evidence shows that smallpox had been prevailing in the neighborhood for several weeks, that a temporary hospital had been established in the town, that the people of the town generally were being vaccinated, that the board of health had given notice that free vaccination would be given, and two thousand or three thousand vaccinations had been performed under the direction of the board.

It has been held repeatedly that the "decision of the school committee of a city or town, acting in good faith in the management of the schools, upon matters of fact directly affecting the good order and discipline of the schools, is final so far as it relates to the rights of pupils to enjoy the privileges of the school." *Watson* v. *Cambridge*, 157 Mass. 561. *Hodgkins* v. *Rockport*, 105 Mass. 475. *Spiller* v. *Woburn*, 12 Allen, 127. *Alvord* v. *Chester*, 180 Mass. 20. Whether this rule should be applied to such a regulation as appears in the present case it is not necessary to decide, for, upon the undisputed facts, the regulation was reasonable.

As soon as the crisis had passed the committee relieved the plaintiffs from suspension and allowed them to return to the schools. There is no evidence that there was anything objectionable in the manner of enforcement of the regulation. There is no contention that the plaintiffs were not given a proper hearing as to their claim of right to attend the schools. See *Bishop* v. *Rowley*, 165 Mass. 460, and *Morrison* v. *Lawrence*, 186 Mass. 456.

We see no ground on which a verdict properly could be found against the defendant. Law and justice require, under the terms of the report, that there should be an entry in each case of

*Judgment for the defendant.*

*T. E. Grover,* (*J. W. Pickering* with him,) for the plaintiffs.
*J. E. Cotter & J. P. Fagan,* for the defendant.