PAULINE JONES vs. CITY OF FITCHBURG.

Worcester. December 8, 1911. — February 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Schools and School Committees.*

At the trial of an action by a school girl against a city under R. L. c. 44, § 7, for the alleged unlawful exclusion of the plaintiff from the defendant's schools, there was evidence tending to show that in the school which the plaintiff had attended there was maintained as part of a course in civil government an exemplification of the defendant's system of municipal administration, various pupils performing duties as municipal officers, and that the plaintiff had been performing duties as a police officer, that in the performance of such duties the plaintiff and the principal of the school had disagreed, that the plaintiff had refused to act further as a police officer, and that the principal then had informed her that unless she continued with such duties she would not be permitted to attend school. After interviews and correspondence between the plaintiff and her father on the one side and the principal, the superintendent of schools and the school committee on the other, the plaintiff's father demanded from the school committee a statement in writing of the reasons for the plaintiff's expulsion, to which the committee replied that the plaintiff might "return to school upon condition that she submit to the direction of the principal." There was no hearing by the committee on the question. *Held*, that the jury were warranted in finding that the action of the school committee amounted to a permanent exclusion of the plaintiff without a hearing, and in finding for the plaintiff.

TORT under R. L. c. 44, § 7, for the unlawful exclusion of the plaintiff from the defendant's public schools. Writ dated May 9, 1908.

In the Superior Court the case was tried before *Bell*, J. The reply, referred to in the opinion, of the defendant's school committee to the letter of the plaintiff's father asking for a statement in writing of the reasons for the plaintiff's exclusion from the school stated the following: "At a meeting of the school board of this city held upon above date, the visiting committee of the Ashburnham Street School reported to the board that your daughter Pauline had been suspended by Principal Hopkins for refusing to obey his directions. It was voted, that 'the secretary of the board be instructed to inform Mr. Jones, the father of Pauline Jones, that his daughter may return to school upon condition that she submit to the direction of the principal of the school.'"

At the close of the evidence the defendant asked for the following rulings, which were refused by the presiding judge:

"1. In this case there was no permanent exclusion. The plaintiff was permitted to return to school if she would obey the proper authority of the teacher.

"2. In this case there was no permanent exclusion.

"3. In this case there was no unlawful exclusion.

"4. On all the evidence the plaintiff cannot recover."

In answer to questions submitted to them, the jury found that the plaintiff was permanently excluded from the defendant's schools, that her father in her behalf asked for a hearing before the school committee on the matter of the exclusion, and that in passing upon the plaintiff's case the school committee did not act in good faith. They found for the plaintiff in the sum of $1,075, which verdict, by order of the presiding judge, was reduced to $600. The defendant alleged exceptions.

The case was submitted on briefs.

*J. F. McGrath,* for the defendant.

*D. I. Walsh & T. L. Walsh,* for the plaintiff.

BRALEY, J. The general management of the public schools having been conferred on the school committee, the plaintiff's exclusion was not unlawful unless they acted in violation of the provisions of R. L. c. 44, §§ 7, 8, under which the action is brought. *Bishop* v. *Rowley,* 165 Mass. 460. *Morrison* v. *Lawrence,* 186 Mass. 456, 459. R. L. c. 42, § 27. At the grammar school where she attended, a course in civil government had been prescribed in which the functions of the various officers required by the defendant's system of municipal administration were exemplified by the pupils, and while in the performance of the duty of a policeman, to which she had been assigned, differences arose between the plaintiff and the principal. The aspersions upon her honesty, which the jury could find caused the difficulty, were finally decided by him to be without foundation. The plaintiff, however, desired to be relieved from the office, and upon his refusal to grant the request, declined to act further, when he informed her, that without compliance she would not be permitted to attend school. The order was enforced, and the interviews and correspondence in which the plaintiff and her father, the principal, and the superintendent of schools, who also acted as secretary of the school

committee, participated, having failed to adjust the controversy, a written application was made by the plaintiff's father asking that, in accordance with § 7, a statement in writing be furnished giving the reasons for his daughter's exclusion. The reply returned must be read in connection with the undisputed evidence. It appears that through a subordinate committee of visitation, whose report was before them, the full committee had been informed of the circumstances. The board consequently knew that the plaintiff had been denied readmission and deprived of the benefit of the public schools because of alleged misconduct. They also must have been aware that their vote then passed to sustain the principal established a condition which could be terminated only by the acknowledgment of the plaintiff, that her conduct was unjustifiable, although upon an impartial inquiry by the committee she might have been exonerated, or a less severe penalty might have been imposed. It was open to them upon receiving the application to have ordered a hearing, and decided the question whether she had been guilty of insubordination, and their decision affirming the order, if made in good faith would have been final. *Morrison* v. *Lawrence*, 186 Mass. 456, 459. But instead, the committee voted to inform him, that the plaintiff had been suspended for refusing to obey the principal's directions, and that she could return to school at any time upon acceding to the terms to which we have referred. The jury were warranted in finding, that the severance of the plaintiff from the school, even if characterized in the vote as a suspension, operated, and was intended to operate for an indefinite period, and in effect amounted to a permanent exclusion, which could not be justified unless preceded by the hearing required by § 8. *Spiller* v. *Woburn*, 12 Allen, 127. *Carnig* v. *Carr*, 167 Mass. 544. *Lord* v. *Goldberg*, 81 Cal. 596. If found to be permanent, the exclusion was unlawful for the reasons stated, and the defendant's requests were properly denied.

*Exceptions overruled.*