EMMA WULFF *vs.* INHABITANTS OF WAKEFIELD.

Middlesex.    March 11, 1915. — June 21, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*School and School Committee.*

The determination of the methods of teaching and the management and direction
of pupils and studies in high schools in this Commonwealth rest in the wise
discretion and sound judgment of the teachers and the school committees,
whose action in these respects is not subject to revision by this court.

Neither a pupil nor the parent of a pupil in a bookkeeping class in a high school
has a right to insist that the teacher shall change his method of teaching by
requiring the teacher to cease having one of the pupils do the merely clerical
work of comparing the written answers of the pupils to problems with those
in a key book and to do the work himself.

At the trial of an action under R. L. c. 44, § 7, for the alleged unlawful expulsion of
the plaintiff from a high school, it appeared that the plaintiff was a member
of a bookkeeping class, that the clerical work of comparing the written answers
of that class to problems with a key book was done by one of the pupils in the
class selected by the teacher; that by reason of one of the plaintiff's papers
being incorrectly marked her stepfather complained of the use of a fellow pupil
of the plaintiff in the correction of the papers to the teacher, to the principal
and to the superintendent of schools and finally was given a hearing before
the school committee, and that in each instance it was determined that the
method used was proper; that, the plaintiff absenting herself from the class,
she was notified that she must attend the class or be suspended; that she con-
tinued her absence and was suspended; that her stepfather then filed formal
requests for a reinstatement of the plaintiff and a change in the method of
teaching, and that after a hearing his requests were denied. *Held,* that there
was no evidence of an unreasonable expulsion of the plaintiff from the school.

TORT under R. L. c. 44, § 7, for the alleged unlawful expulsion
of the plaintiff from the high school of Wakefield. Writ dated
May 29, 1912.

In the Superior Court the case was tried before *Dana,* J. The
material evidence is described in the opinion. At the close of
the evidence, the judge ordered a verdict for the defendant and
reported the case to this court for determination.

*F. W. Fosdick,* (*J. J. Butler* with him,) for the plaintiff.

*M. E. S. Clemons,* for the defendant.

PIERCE. J. There was evidence tending to show that for
some reason, presumably because of the burden of work, the

teacher selected a pupil as an assistant to perform in his stead the purely mechanical work of comparing the answers to problems as worked out by pupils with the correct answers contained in a "key book." It happened that a certain problem submitted by the plaintiff to the assistant for examination was marked "wrong." The plaintiff worked upon it as best she could during a week and a half and then again submitted it to the assistant, who again declared it "wrong." She continued to work upon it for another week and a half, and then submitted the same result to the teacher, who went over it and called it correct. There was evidence that as a consequence of this error of the assistant the plaintiff "worried, was nervous, and lost her appetite and sleep. . . . She reported the incident to her mother and her stepfather, Mr. and Mrs. Kleeman." Kleeman protested against the manner of correcting the papers in turn to the teacher, the superintendent of schools, and to the principal of the high school.

Pending a hearing before the school committee Kleeman requested that the plaintiff's work be corrected by the teacher only, and not by a fellow pupil. He also "protested against the method of correcting the work and told the committee of the ill effect that the situation created by the method was having on the plaintiff's health." This request or petition was refused, after hearing, and thereupon the plaintiff requested that she be excused from the work.

Pending these hearings she did not attend to the work, and after the decision of the committee was communicated to her she continued to absent herself, although required to resume work on pain of suspension. Remaining obdurate she was formally suspended from school. Kleeman later filed a formal request to the same end and was granted a hearing, but the request was denied. A verdict was directed at the close of the plaintiff's case and hence the plaintiff is entitled to the view of the evidence most favorable to her contention.

The hearings apparently were informal, and we get a glimpse now and then of a disposition to make fun of the embarrassment and possible peculiarities of the stepfather; but on the whole there is no reason to find that there was not a fair hearing and a decision rendered in good faith.

The real and vital question is not whether the plaintiff was guilty

of misconduct in refusing to attend her class, but whether a parent has the right to say a certain method of teaching any given course of study shall be pursued. The question answers itself. Were it otherwise, should several parents hold diverse opinions all must yield to one or confusion and failure inevitably follow. The determination of the procedure and the management and direction of pupils and studies in this Commonwealth rests in the wise discretion and sound judgment of teachers and school committee, whose action in these respects is not subject to the supervision of this court. R. L. c. 42, §§ 27 *et seq. Hodgkins* v. *Rockport*, 105 Mass. 475. *Watson* v. *Cambridge*, 157 Mass. 561. *Morse* v. *Ashley*, 193 Mass. 294. *Hammond* v. *Hyde Park*, 195 Mass. 29.

The case at bar is one purely of administrative detail and its exercise violates no legal right of pupil or parent. The plaintiff was without right in requiring that the principal personally should attend to the supervision of her individual work, perhaps to the neglect of more important duties.

While constrained to this decision we cannot refrain from the expression of disapproval of the practice of setting a rival pupil in judgment upon the work of an eager and zealous competitor. However honest that pupil may be, a mistake or error of decision inevitably leads to suspicion and often to charge of intentional wrong.

According to the terms of the report judgment is to be entered on the verdict.

*So ordered.*