CHARLES A. CARR *vs.* INHABITANTS OF DIGHTON.

CONSUELO A. CARR *vs.* SAME.

HALL CARR *vs.* SAME.

Bristol.    October 22, 1917. — January 21, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*School and School Committee.    Evidence,* Declarations of deceased persons.

Under R. L. c. 42, § 27, providing that the school committee of a town or city "shall have the general charge and superintendence of all the public schools,"

the action of a school committee in excluding a child from the schools, if taken in good faith and in accordance with the provisions of the statutes, is not reviewable by the courts.

The mere failure of a school committee to grant a hearing to the father of children excluded by the committee from the public schools does not render the exclusion illegal as matter of law, if the school committee acted in good faith.

The provision of R. L. c. 44, § 8, that "A school committee shall not permanently exclude a pupil from the public schools for alleged misconduct without first giving him an opportunity to be heard," does not apply to the exclusion of a pupil from the public schools on the ground that he has head lice.

In actions against a town by three children for alleged unlawful exclusion from the public schools by the school committee of the defendant, it appeared that the children were sent home on the ground that they had head lice, and that the school committee failed to give an opportunity to be heard to the father of the children. The school physician testified that the children were suffering from head lice, but there was testimony that they were free from such vermin. The father in demanding a hearing specifically alleged that the physician on whom the committee relied for their action was "animated by anything but good faith and honest motives," charged the superintendent with failure to afford him promised protection and referred to the "revengefulness" of teachers. There were five children of the family in the schools and it appeared that all five were sent home, although only three of them were examined, and there was evidence that one of the school committee admitted that "there had been a misunderstanding" and that ordinarily a hearing was given when requested. Under proper instructions the jury found that the exclusion was unlawful and gave damages to the plaintiffs. *Held,* that it must be assumed that the jury found that the exclusion of the plaintiffs from school was not in good faith and that there was evidence for the jury warranting such a finding.

In the case above described it was *held* that a certificate made by a physician who had died before the trial, stating that he had examined the heads of the plaintiffs and had found no vermin, properly was admitted in evidence under R. L. c. 175, § 66, after having been found by the presiding judge to be the declaration of a deceased person made in good faith before the commencement of the action and upon the personal knowledge of the declarant.

THREE ACTIONS OF TORT against the town of Dighton by three minors by their next friend for alleged unlawful exclusion from the public schools of that town. Writs dated November 18, 1914.

In the Superior Court the cases were tried together before *White,* J. The certificate of Dr. F. A. Shurtleff, deceased, described in the opinion, was admitted in evidence by the judge, subject to the defendant's exception. The other evidence also is described in the opinion. At the close of the evidence the defendant asked the judge to make in each of the cases the following rulings:

"1. There is no sufficient evidence in this case to warrant the

jury in finding that the plaintiff was unlawfully excluded from the public schools of the defendant town."

"3. On all the evidence in the case, the plaintiffs are not entitled to recover."

The judge refused to make these rulings and "submitted the cases to the jury upon instructions to which no exception was taken." The jury returned a verdict for each of the plaintiffs in the sum of $100, and the defendant alleged exceptions.

*H. F. Hathaway,* (*J. E. Warner* with him,) for the defendant.

*A. S. Phillips,* for the plaintiffs.

DE COURCY, J. On December 2, 1908, the plaintiffs and two other children of Charles E. Carr were excluded from a public school in the defendant town, of which they were pupils. The father, by letter dated December 9, applied to the school committee for a statement in writing of the reasons for the exclusion, in accordance with R. L. c. 44, § 7. The superintendent, on behalf of the committee, wrote in reply: "Dr. Joseph B. Sayles, medical inspector of the public schools of this town, has formally reported that he sent your children home from the Broad Cove School on account of having head lice and that the children themselves were properly instructed as to the best method to employ to get rid of them. It will be necessary for their heads to be properly taken care of and the children returned to school right away."

After some correspondence between the counsel for the Carr children and the school committee, the plaintiffs returned to school January 5, 1909. On the next day they were examined by the doctor in the presence of the superintendent, and again sent home. On the same day the superintendent notified their father, Charles E. Carr, that the heads of the plaintiffs "have been examined to-day by the school physician and not found to be in a proper condition to attend school." On January 9, Charles E. Carr, by his attorney, had a written notice served on the chairman of the school committee, which in substance demanded a hearing before the school committee as to whether they would ratify or disapprove the action of the superintendent and principal in excluding the children, and which imputed lack of good faith to the doctor and unfairness to the superintendent and teacher. No hearing was held by the committee. The plaintiffs did not return

to the school. On November 18, 1914, they brought these actions under R. L. c. 44, § 7, claiming damages "for unlawful exclusion."

The statute makes cities and towns liable where a school committee unlawfully exclude a child from a school, but does not define what exclusion shall be considered unlawful. This section must be considered in connection with R. L. c. 42, § 27, which gives the school committee general charge and superintendence of all the public schools. In the exercise of these broad powers their decision, involving the exercise of judgment and discretion, is not reviewable by the courts when they act in good faith in determining the facts on which that decision is based. *Bishop* v. *Rowley*, 165 Mass. 460. *Barnard* v. *Shelburne*, 216 Mass. 19, and cases cited. And in this case, if the committee had given the plaintiffs a fair and impartial hearing, admittedly their decision would have been final. See *Watson* v. *Cambridge*, 157 Mass. 561; *Hammond* v. *Hyde Park*, 195 Mass. 29; *Wulff* v. *Wakefield*, 221 Mass. 427.

The mere failure of the committee to grant a hearing to the father of the plaintiffs does not render the exclusion illegal. It is expressly provided in R. L. c. 44, § 8, that "A school committee shall not permanently exclude a pupil from the public schools for alleged misconduct without first giving him an opportunity to be heard." *Bishop* v. *Rowley, supra. Morrison* v. *Lawrence*, 181 Mass. 127. *Jones* v. *Fitchburg*, 211 Mass. 66. But the present case does not come within that section, as the plaintiffs were not excluded for "misconduct" within the meaning of § 8. See *Barnard* v. *Shelburne*, 216 Mass. 19, 22. Cases may arise where the cause of the expulsion is one that will not admit of the delay incident to a hearing, such as a contagious disease affecting a pupil or the household of which he is a member. See R. L. c. 44, § 6.

On all the evidence in the present case, however, including the failure to give the plaintiffs an opportunity to be heard, we think it was a question of fact for the jury whether the committee acted in good faith. *Morrison* v. *Lawrence*, 186 Mass. 456. On the school physician's testimony, the plaintiffs were not excluded for eczema, which was said to amount to a contagious disease, but were suffering from head lice. There was testimony on the other hand that they were free from these pests. In addition

to this denial of the underlying fact, their father, in demanding a hearing, specifically alleged that the physician, on whom the committee relied for their action, was "animated by anything but good faith and honest motives;" charged the superintendent with failure to afford him the promised protection, and referred to the "revengefulness" of teachers. In addition, it appears that five Carr children were sent home from school, although only three were examined; one of the committee was alleged to have admitted that "there had been a misunderstanding" and that ordinarily a hearing was given when requested. The weight of the evidence submitted is not for us to determine. The only question before us is, whether there was any evidence for the consideration of the jury that the exclusion was unlawful; and it is enough to say that there was such evidence. The cases were submitted to the jury on instructions to which no exception was taken; and after verdicts for the plaintiffs we must assume that the jury found the exclusion from school was not made in good faith.

There was no error in the admission of the certificate of Dr. Shurtleff, (dated January 7, 1909,) that he had examined the heads of the plaintiffs and found no vermin. It was the declaration of a deceased person made before the commencement of the action and upon the personal knowledge of the declarant. R. L. c. 175, § 66. *O'Driscoll* v. *Lynn & Boston Railroad*, 180 Mass. 187.

*Exceptions overruled.*