PERCY B. SPOFFORD *vs.* OTIS J. CARLETON & others.

Essex.     March 25, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*School and School Committee.   Vaccination.*

A regulation of the school committee of a city read as follows: " Every pupil in attendance at the public school, or who may hereafter be in attendance at such school, who has been given a certificate by a physician stating that such pupil is not a fit subject for vaccination, shall be required to renew such certificate once ·in two months; provided, however, that in the case of such pupil who fails to renew such certificate as required, such pupil will not be excluded from school until a period of two weeks after failure to renew such certificate." *Held,* that the regulation conformed with G. L. c. 76, § 15, and c. 111, § 183, was not as a matter of law unreasonable, arbitrary or discriminatory, and was valid.

The intention of the Legislature, in making the statutory enactments now embodied in G. L. c. 76, § 15, and c. 111, § 183, was that the exemption, upon the presentation of the certificate therein described, of a child of school age from vaccination before being admitted to the public schools does not cover the entire period of the child's attendance after the filing of the certificate, and that that certificate was limited to the period during which his physical condition was such that in the opinion of the certifying physician he was an unfit subject for vaccination. .

PETITION, filed in the Supreme Judicial Court on December 30, 1920, by a citizen of Haverhill for a writ of mandamus directing the respondents, who comprised the school committee of Haverhill, to admit to the public schools three minor children of the petitioner.

The petition came on to be heard by *Carroll*, J., upon the petition, answer and a " case stated," from which it appeared that on November 12, 1919, the children were personally examined by a regular and practising physician in Haverhill who made as to each

child a certificate bearing that date and reading as follows: "This is to certify that I, having been designated by Percy B. Spofford, the parent of . . . [the child], have personally examined said . . . [child], and I am of the opinion her physical condition is such that her health will be endangered by vaccination;" that the certificates were filed with the school committee and the children were accepted and admitted as pupils in the public schools on that date and continued so until October 13, 1920, when, after correspondence between the petitioner and the principal of the school, in which the principal enclosed a copy of the regulation of the school committee quoted in the opinion and requested that the children be vaccinated or that a new certificate be filed and the petitioner refused the request, the children were excluded from the schools. The petitioner appealed to the school committee, the committee gave him a hearing and continued to refuse to admit the children unless they were vaccinated or new certificates were furnished. There had been no actual or threatened epidemic of smallpox in Haverhill since September, 1920, nor was "there any particular reason to apprehend danger from an epidemic of smallpox." On January 7, 1921, the respondents requested that the children of the petitioner hereinbefore mentioned be examined by a representative of the respondents to determine whether their physical condition was such that their health would be endangered by vaccination. This request the petitioner refused. The children never had been vaccinated.

The single justice reserved the case for determination by the full court.

G. L. c. 76, § 15, reads as follows: " An unvaccinated child shall not be admitted to a public school except upon presentation of a certificate like the physician's certificate required by section one hundred and eighty-three of chapter one hundred and eleven. A child from a household where a person is ill with smallpox, diphtheria, scarlet fever, measles, or any other infectious or contagious disease, or from a household exposed to contagion from any such disease in another household, shall not attend any public school during such illness or exposure until the teacher of the school has been furnished with a certificate from the local board of health, or from the attending physician, stating that danger of conveying such disease by such child has passed."

G. L. c. 111, § 183, reads as follows: " Any person over twenty-one presenting a certificate, signed by the register of a probate court, that he is under guardianship shall not be subject to section one hundred and eighty-one; and any child presenting a certificate, signed by a registered physician designated by the parent or guardian, that the physician has at the time of giving the certificate personally examined the child and that he is of the opinion that the physical condition of the child is such that his health will be endangered by vaccination, shall not, while such condition continues, be subject to the two preceding sections."

*E. S. Abbott*, for the petitioner.

*F. G. Magison*, for the respondents, submitted a brief.

BRALEY, J.    If the second paragraph of the regulations adopted by the respondents, who are the school committee of the city of Haverhill, relating to the admission of unvaccinated pupils is valid, the petition for a writ of mandamus requiring them to admit the three minor children of the petitioner to the public schools cannot be maintained. It reads as follows: "Every pupil in attendance at the public school, or who may hereafter be in attendance at such school, who has been given a certificate by a physician stating that such pupil is not a fit subject for vaccination, shall be required to renew such certificate once in two months; provided, however, that in the case of such pupil who fails to renew such certificate as required, such pupil will not be excluded from school until a period of two weeks after failure to renew such certificate."

The express requirement, that children must be vaccinated before they can be admitted to the public schools first appears in St. 1855, c. 414, § 2, which provides, that "The school committee of the several towns and cities, shall not allow any child to be admitted to, or connected with the public schools, who has not been duly vaccinated." By this enactment which was continued in force by Gen. Sts. c. 41, § 8, Pub. Sts. c. 47, § 9, St. 1894, c. 498, § 9, vaccination was made a condition precedent to the right of a child to attend the public schools. See St. 1884, c. 64; St. 1885, c. 198. It was not until St. 1898, c. 496, § 11, that this requirement was modified by the words, " except upon presentation of a certificate signed by a regular practising physician that such child is an unfit subject for vaccination," and the same wording is sub-

stantially found in R. L. c. 44, § 6. It was unchanged by St. 1906, c. 371, when § 6 was recast, but by St. 1907, c. 215, § 6, was amended by inserting after the word " certificate," the words, "granted for cause stated therein." By St. 1918, c. 117, an act to make uniform physicians' certificates of exemption from vaccination, § 6 was further amended so that the certificate should be in conformity with the certificate required by R. L. c. 75, § 139, as amended by St. 1902, c. 190, § 2, and c. 544, § 10. The result is that § 6, as amended, is to be read in connection with St. 1902, c. 190, § 2, and c. 544, § 10. The certificate accordingly must contain the additional words "while such conditions continue." See now G. L. c. 76, § 15; c. 111, § 183.

The intention of the Legislature is clear that the exemption is not to cover absolutely the entire period of the child's attendance, but the certificate is limited to the period when his physical condition is such that in the opinion of the certifying physician he is an unfit subject for vaccination. The respondents as the school committee of the city are given "general charge and superintendence of all the public schools. . . ." R. L. c. 42, § 27. G. L. c. 71, § 37. The scope of this power is pointed out in *Morse* v. *Ashley*, 193 Mass. 294, 296, *Hammond* v. *Hyde Park*, 195 Mass. 29, 30, and cases there cited. It is sufficiently broad to promote and secure not only the best interests of the pupils, but the general welfare of the community in the management of schools. The respondents had authority notwithstanding the certificates which the petitioner presented, and which had been accepted when his children were admitted, to subsequently exclude them if an epidemic of smallpox had appeared. *Hammond* v. *Hyde Park*, 195 Mass. 29. It is true that in the case at bar this condition did not exist. But the uniform policy of the Commonwealth requires general vaccination as a preventive measure against the infection and spread of one of the most dangerous and highly contagious diseases with which mankind are afflicted. *Commonwealth* v. *Jacobson*, 183 Mass. 242. *Jacobson* v. *Massachusetts*, 197 U. S. 11. It is common knowledge, that a public school composed of pupils from all sections of the city may become at any moment a source of danger to the public health unless the laws relating to vaccination are strictly enforced.

The argument is pressed by counsel for the petitioner that under

R. L. c. 44, § 3, as amended by St. 1911, c. 268, every child has the right to attend the public schools of the city or town in which his parent or guardian has a legal residence, or in which the child himself actually resides, if he is without parent or guardian, and that this right cannot be abridged by the school committee. But this section also provides that such attendance is subject to such reasonable regulations as to the number and qualifications of pupils to be admitted to the respective schools, and as to other school matters, as the school committee shall from time to time prescribe, and is to be read in connection with § 6, and amendatory statutes to which reference has been made, that the right of attendance may be made in some instances conditional. See *Alvord* v. *Chester*, 180 Mass. 20; *Commonwealth* v. *Connecticut Valley Street Railway*, 196 Mass. 309, 311.

The precedent condition as limited by the statute is controlling, and the exemption ceases when the physical condition of the child has become such that his health will not be endangered, or impaired by vaccination. If to determine this further medical examination is necessary, it is wholly within the supervision of the parent or guardian, upon whom rests the burden of compliance with the law.

The regulation is not as matter of law so unreasonable or arbitrary as to be invalid, nor is it discriminatory. *Roberts* v. *Boston*, 5 Cush. 198. *Barnard* v. *Shelburne*, 216 Mass. 19, 21. *Wulff* v. *Wakefield*, 221 Mass. 427, 429, and cases cited.

The petition for the reasons stated must be dismissed.

*So ordered.*