Richard DEHAAN, Plaintiff,

v.

BRANDEIS UNIVERSITY, Defendant.

Civ. A. No. 56–1112.

United States District Court
D. Massachusetts.

April 12, 1957.

William P. Homans, Jr., Boston, Mass., for plaintiff.

David A. Rose, Hersehal Zonderman, Holtz & Rose, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

I have before me now the defendant's motion to dismiss the complaint for "failure to state a claim upon which relief can be granted," Fed.Rules Civ.Proc. Rule 12(b) (6), 28 U.S.C.A. The plaintiff instituted this action praying that the defendant, Brandeis University, be enjoined from withholding a scholarship award and from refusal to permit the plaintiff to renew his registration at the school, or in the alternative, for money damages. Jurisdiction is founded on 28 U.S.C.A. § 1332. The plaintiff's motion for a preliminary injunction was denied at the hearing on the ground that its allowance at this time would be a futile gesture, for the school year was more than half completed.

The plaintiff, a student at the defendant's Graduate School of Arts and Sciences, applied for and was awarded a fellowship in the amount of $700 and a

scholarship to cover tuition for the academic year 1956/57. The plaintiff's reply to the offer of award was a lengthy protest at its inadequacy, and he accused the defendant of bad faith with respect to promises allegedly made at the time of admission to the school. By a subsequent letter, dated April 21, 1956, the plaintiff accepted the award offered "under protest and pending reply to my petition * * *" and included a proviso that he reserved "the right to accept employment elsewhere." The defendant on April 23 withdrew the award previously offered and by a letter dated June 22, 1956, the plaintiff was informed that there "cannot be renewed registration by you for further work at the University. This recommendation of the Graduate Committee was unanimous and has been approved by the Administration."

The issue to be decided now is whether the university had a right to dismiss the plaintiff summarily or whether it must grant him a hearing before any decision on his status is made.

■ As a preliminary matter I reject the plaintiff's suggestion that the court refuse to consider the incriminating letter of April 14, 1956, which is the apparent cause of the plaintiff's difficulties with the University. This letter was conspicuously missing from the appendix to the complaint and was properly introduced by the defendant as a part of its motion at the hearing. Rule 10(c), 28 U.S.C.A., Peoples Natural Gas Co. v. Federal Power Commission, 75 U.S.App.D.C. 235, 127 F.2d 153, certiorari denied 316 U.S. 700, 62 S.Ct. 1298, 86 L.Ed. 1769.

■ Brandeis University, a privately endowed institution, by regulation which is set forth in its General Catalog, "reserves the right to sever the connection of any student with the university for appropriate reason." The problem of what constitutes an appropriate reason must clearly be left to those authorities charged with the duty of maintaining the standards and discipline of the school. Curry v. Lasell Seminary Company, 168 Mass. 7, 46 N.E. 110; Hall v. Mt. Ida

School for Girls, Inc., 258 Mass. 464, 155 N.E. 418, 50 A.L.R. 1495. The court is in a poor position indeed to substitute its judgment for that of the university, particularly in this case which involves a graduate student enrolled in a very small department where the major part of instruction is given on an individual and personal basis.

■ The plaintiff insists, however, that the college overstepped the bounds of its discretion in dismissing him without giving him the opportunity to be heard. While it might be a better policy to hold a hearing whenever any disciplinary action is contemplated by the university, I hold as a matter of law that the defendant is not required to do so. Dismissal without a hearing under a regulation no more sweeping than the one in issue here was upheld by the Pennsylvania Supreme Court in Barker v. Trustees of Bryn Mawr College, 278 Pa. 121, 122 A. 220, 221, where the court said: " * * * in view of the regulation, on which the relator obtained entrance to the college, providing that the latter 'reserves the right to exclude at any time students whose conduct * * * it regards as undesirable,' defendant is not required to prefer charges and hold a trial thereof, before dismissing a student regarded by it as undesirable." See also State ex rel. Ingersoll v. Clapp, 81 Mont. 200, 263 P. 433.

Massachusetts statutes and decisions have strictly limited the hearing requirement to public schools. Mass.General Laws (Ter.Ed.) Chapter 76, §§ 16 and 17, Bishop v. Inhabitants of Rowley, 165 Mass. 460, 43 N.E. 191. Furthermore, even in cases involving dismissal from public schools, no hearing is necessary where the exclusion was for reasons other than misconduct. Barnard v. Inhabitants of Shelburne, 216 Mass. 19, 102 N. E. 1095; Carr v. Inhabitants of Dighton, 229 Mass. 304, 118 N.E. 525. It follows that private colleges be given at least the same freedom of choice of students. The plaintiff's qualifications as a scholar and prospective teacher can be judged only by

628

his professors who must have complete autonomy in their decision concerning the qualities of his work and his good character.

Accordingly the motion to dismiss is allowed.