## THE NASHVILLE & DECATUR R. R. *v.* THE STATE.

1. PUBLIC ROAD. *Obstruction of by railroad.* The plaintiff in error was indicted for crossing a dirt road and obstructing it, and its charter required that in such cases it should make the crossing " as convenient as may be." The Court say that this does not mean that the new road must be as convenient and easy of passage, and as safe as the old road, but that the new road should be so constructed as to answer the purposes of the traveling public, and be made as easy and convenient as the nature of the ground will permit, having due regard to the righs of the public, and at the same time not requiring unreasonable outlays of money by the Company.

2. SAME. *Dedication and use may constitute.* When the right of the public has become fixed by dedication and use to a road, and it is, in fact, publicly used in that capacity, the failure of the County Court to perform the duties required of it, as to public roads, is not sufficient to defeat its character as such, and prevent the public from having the protection which the law gives to public roads.

3. NUISANCE. *Presentment for. Not barred by the Statute of Limitations.* The obstruction was in existence for eighteen years before the presentment was made; the Court say we do not think the presentment is barred by the Statute of Limitations, as the general rule is, that the very continuance of a nuisance is a new offense.

Cases cited: 37 Bar , 58; 8 Gratt., 632; 40 Maine, 154; 2 Hum., 543; 9 Yerg., 390; 1 Sneed, 59; 6 Cold., 532; 4 Hum., 315; 8 Hum., 342.

---

FROM DAVIDSON.

---

Appeal from the Criminal Court. THOMAS N. FRAZIER, Judge.

The Nashville & Decatur Railroad *v.* The State.

SMITH & BAXTER, for plaintiff in error.

ATTORNEY-GENERAL HEISKELL and J. M. QUARLES, for defendant in error.

M'FARLAND, Judge, delivered the opinion of the Court.

This is a presentment for obstructing a public road. It appears that the road in question has been used by the public for a number of years, and there is evidence that the owners of the soil have dedicated the road to the use of the public for a road; but it also appears that the County Court has not claimed the road, appointed an overseer, or in any manner recognized it as one of the public roads of the county. The railroad company, in constructing its road, crossed the road in question with a high embankment. This the charter allows to be done when necessary, provided the company make another road " as convenient as may be." It is alleged by the prosecution that this was not done.

The question mainly discussed is, whether or not the road in question is a public road? It is argued that the road must in some manner be accepted or recognized by the County Court as a public road before it becomes such, so that to obstruct it is indictable. It is admitted that it is not essential to show that the County Court has pursued the forms prescribed for laying out public roads over the lands of private persons, that the right of the public to the road, as against the owners of the soil, may be shown

by any evidence establishing that the road has been dedicated to the public. But it is argued, that the dedication of the road to the public by the proprietors is not sufficient; it must appear that the public have accepted the road. Thus far the proposition may probably be conceded; for a private individual, probably, can not make a public road by dedicating it to the public, unless the public, in some way, accept and use it. The question then is, how is the acceptance of the road by the public to be shown? It is maintained for the defendant that this can only be done by showing that the County Court has recognized it as a public road, by appropriate action, and can not be shown by merely proving the use of the road by the public. The power of laying out and establishing new roads, and of discontinuing old roads, is vested in the County Court. This Court is required to take charge of the public roads of the county; to classify them, appoint overseers, assign hands to work them, and in general to superintend them. We have been referred to a number of cases from other States, holding that the proper authorities of the county must accept, or in some mode recognize the road as a public road, before it becomes such. 37 Barbour, 58; 8 Gratt., 632; 40 Maine, 154. Some of these cases, at least, appear to have been controlled by the statutes of the particular State upon the subject of roads, and are, therefore, not controlling as to this question under our road laws. It is clear that the action of the County Court is necessary to establish a new road against the

will of the landowners, but it is equally clear that the rights of the public to the road may arise alone upon the dedication of the road by the proprietors of the soil, and its acceptance and use by the public. 2 Hum., 543; 9 Yerg., 390; 1 Sneed, 59; 6 Cold., 532.

Again, if the road be a public one, either by the direction of the County Court or otherwise, it is the duty of the Court to take charge of the road, classify it, and perform the other duties required as to public roads. But when the right of the public to the road has become fixed by dedication and use, and it is, in fact, publicly used as a road, is the failure of the County Court to perform the duties required of it, as to public roads, sufficient to defeat its character as such, and prevent the public from having the protection which the law gives to public roads? We think not. The County Court may discontinue the road, and this would probably dispose of the question, but the mere failure of the Court to take action does not show that the road is not a public road, when the right of the public is fixed by dedication, and when it is publicly used. We think the existence of this road, as a public road, is not incompatible with the existence of the Franklin Turnpike, upon the authority of the case of the *Nolensville Turnpike Co*. v. *Baker*, 4 Hum., 315, as the two roads do not run parallel and adjoining, as in that case. Nor do we think that it so interferes with the franchise of said Turnpike Company, as to close it as a public road, as in the *Franklin & Columbia Turnpike Co*. v. *The County*,

8 Hum., 342.   The Turnpike Company have not complained or asked to have the road closed on this ground.

The obstruction was made some eighteen years before this presentment was made, but we do not think · the presentment is barred by the statute of limitations, as the general rule is, that the very continuation of a nuisance is a new offense.   As we have said, the charter allows the company to construct their road upon or across a public road, but they must construct another road " as convenient as may be."   His Honor, the Circuit Judge, instructed the jury that the new road must be as · convenient and easy of passage, and as safe as the old road, except as to distance and the ordinary danger of crossing a railroad.   We think this language too strong.   It is required to be as convenient as may be.   A public road may be crossed at a point where it is level, and where the embankment of the railroad is not high enough, or of such character as to allow the public road to pass under the railroad; and so the new road must be constructed around or over the railroad, but the nature of the ground may be such that it is impossible to make it as easy and convenient as the old road.   If the old road was level, and the new road up an ordinary hill, it would not be as easy and convenient, and yet it might answer the uses of the public reasonably well. We think the new road should be made to answer the purposes of the traveling public, and be made as easy and convenient as the nature of the ground will

permit; having due regard for the rights of the public, and at the same time not requiring unreasonable outlays on the part of the railroad company. But we do not think it should be required to be absolutely as easy and convenient as the old one, except as to distance and the ordinary danger of crossing a railroad.

Upon this ground the judgment will be reversed and a new trial awarded.