# Buckalew *v.* The State.

### *Indictment for setting up or carrying on Lottery.*

1. *Lottery; what constitutes.*—Lottery in its popular acceptation, is a dis-
tribution of prizes by lot or chance ; and wherever chances are sold and the
distribution of prizes determined by lot, this, it would seem, constitutes a
lottery.

2. *Same; what does not constitute.*--Where money is put upon a round board
in equal amounts, by several persons, each in turn whirling a hand fastened
in the centre, the one at whose whirl the hand registers the highest number
on the rim of the board, taking all the money on the board, the owner of the
board sometimes putting up money and sometimes charging a small sum, to
be paid by the winner, for the use of the board ; this does not constitute a
lottery, or render the keeper or owner of the board liable to indictment for
keeping or setting up a lottery ; but whether upon these facts the owner of the
table is not indictable for keeping or exhibiting a table for gaming within the
meaning of section 4208 of the Code, is not decided.

3. *Indictment; finding of; what does not prevent statute of limitations from run-
ning.*—An indictment for keeping or exhibiting a table for gaming, is not a
continuation of a prosecution for setting up a lottery ; and hence the finding
of an indictment for the latter offense, can not prevent the bar of the statute
from running against an indictment for the former.

APPEAL from Chambers Circuit Court.

Tried before Hon. JAMES E. COBB.

The appellant, L. L. Buckalew, was indicted for "setting
up or being concerned in setting up or carrying on a lottery."

The State introduced a witness, who testified that within
twelve months before the finding of the indictment, in this
cause, and in Chambers county, Alabama, " the defendant
had a mill, and in the mill house, on the head of a flour bar-
rel, he had what the witness called a board, on which was
marked, in a circle, figures from one to forty-eight, with a
heart in the centre, fastened on a pivot with a point or hand
pointing to the numbers, and which could be made to rotate
or turn ; that parties were in the habit of putting down
money, each putting down the same amount, and then each
would whirl the heart, and the one on whose whirl the finger
or hand on the heart stopped pointing to the highest num-
ber, won all the money ; that the defendant sometimes put
down money as one of the players, and that for the last few
days that the same was played on, the defendant charged a
nickle for the use of the board, to be paid by the one win-
ning."

This was in substance all the evidence in the case.

The court, of its own motion, charged the jury, among

other things, "that if the evidence satisfied them beyond all reasonable doubt, that the defendant owned a table on which, in a circle, were the numbers from one to forty-eight, and had a point or heart in the centre, with a point pointing towards the numbers on the outside, and parties assembled and put down their money, each putting down the same amount, and then each whirling the point, and the one at whose whirl the heart pointed to the highest number on the circle, won or took all the money, and the winner paid the defendant as the owner of said board or table one nickle for each game, and this was done in Chambers county, in this State, and within twelve months before the finding of the indictment, and this was done under the control of the defendant, then the defendant would be guilty as charged in the indictment, and they should so find him." To this charge the defendant excepted.

The defendant then requested the following written charges : "1. If the jury believe all the evidence in this case, that they must find the defendant not guilty. 2. That to constitute a lottery there must be a sale of prizes by the manager and a redemption of the successful one by the party selling the prizes. 3. That if the defendant had in his house a table in which other persons put down their money, any amount they saw fit, and then themselves rolled or turned a wheel, and the highest number took all the money, and the defendant only got one nickle for the use of the table, they, the jury, cannot find him guilty, and if they have any reasonable doubt on this subject, they should find him not guilty." The court refused each of these charges separately, and defendant separately excepted.

W. H. BARNES, for appellant.

HENRY C. TOMPKINS, Attorney-General, *contra.*

STONE, J.—Lottery is a distribution of prizes by lot or chance.—Webster's Dictionary ; Bouvier's Law Dictionary. There are said to be two kinds of lottery in general use. One, the Genoise, or numerical system ; sometimes called the combination plan. The other, the Dutch, or class lottery ; sometimes called the single number plan.—American Cyclopædia. In each, chances are purchased, generally by the purchase of tickets, or fractions of a ticket. Not necessary, however, that tickets should be issued. Wherever chances are sold, and the distribution of prizes determined by lot, this, it would seem, is a lottery. This, we think, is the popular acceptation of the term. We judicially know

what constitutes a lottery.—*Solomon v. The State*, 28 Ala. 83. According to the testimony in the present record, it cannot, with any propriety, be said that chances were sold, or prizes won or drawn. In fact, nothing was sold. The entire theory of the game was, that several, or many persons contributed equal sums to a common purse, which was awarded to the contributor whom chance so favored, as to register for him the highest number. In its result, it resembles what is known in horse-race parlance as sweepstakes; or, a raffle, determined by the fall of dice. We do not think the proof established a case of lottery, or sustained the indictment. Code of 1876, § 4445. Whether the defendant violated section 4208, Code of 1876, it would not be proper now to inquire.

We cannot perceive that the present case falls within any of the sections of our liberal system of amendments.—Code of 1876, sections 4815, 4816, 4817, 4818, 4819. It falls more nearly within the last-named of the sections; but the indictment did not charge that the defendant kept or exhibited, or was interested or concerned in keeping or exhibiting a table for gaming, within section 4208; and there is nothing which allows us to infer that was the offense intended to be charged in the present indictment. The record shows an intention to indict for another offense. An indictment for exhibiting a gaming table would not be a continuation of a prosecution for exhibiting a lottery, and hence a new indictment for the former offense could derive no support from the mistaken prosecution for the latter offense. The indictment in the present record was found at the spring term, 1878, and thus proves the act complained of was done more than twelve months ago.—Code of 1876, § 4646. The offense is barred, and no good can come of remanding the cause.

Reversed, but not remanded. Let the defendant be discharged.