THE STATE v. GILBERT, *Appellant.*

1. **Indictment for Obstructing Public Road**: EVIDENCE. Upon the trial of an indictment for obstructing a public road established under the road law of 1868, (Sess. Acts, p. 149,) it is not necessary to show that the road was established in pursuance of a petition of twelve householders. That act authorizes the county court to establish a road without such petition. Besides, section 34 of the act of 1877, (Sess. Acts, p. 401,) dispenses with such proof.

2. ———: LIMITATIONS. Prosecution for obstructing a public road is not barred by the lapse of two years from the commencement of the obstruction, if it continues down to the time of the indictment.

3. ———: EVIDENCE. It cannot be shown in defense of an indictment for obstructing a public road, that no notice of assessment of damages in the location of the road was given.

*Appeal from Cass Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

*W. J. Terrell* for appellant.

*J. L. Smith,* Attorney General, for the State.

NORTON, J.—Defendant was indicted for obstructing a public road, at the March term, 1877, of the Cass county circuit court, and having been tried and convicted, brings the same here by appeal. The cause was tried by the court without the intervention of a jury, and as no instructions were asked or given, we are restricted in our investigation to the action of the court in receiving evidence over the objection of defendant.

The State offered in evidence an order of the county court, of date February 15th, 1869, showing the filing of a report of the road commissioner, of the plat and survey of a new road, No. 46, and an order approving the report and establishing the said road; also an order of date May 20th, 1869, stating that road No. 46, having heretofore been established, is ordered to be opened. It is insisted by

counsel that the court erred in receiving this evidence, because it was not shown that the order establishing the road was based upon a petition signed by twelve house-holders of the township or townships in which the road was established, and that without such petition the court had no jurisdiction to make the order in question. Under the General Statutes of 1865, relating to roads and highways, the objection made would have been at least plausible, if not tenable, but under the act of 1868, which was in force at the time the orders were made, it is neither plausible nor tenable. The 2nd section of said act, (Acts 1868, p. 150,) provides " that the county courts are authorized and empowered, either with or without a petition, in cases where they shall deem it essential to the public good, to cause to be surveyed and located any road or roads," etc. It thus appears that the presentation of a petition signed by twelve house-holders was not necessarily a jurisdictional fact under the act of 1868, inasmuch as the court had a right to proceed in the location of a road without such petition. The objection is also answered by section 34, Acts 1877, page 401, which provides, among other things, that on the trial of an indictment preferring such a charge as is imputed to defendant, " it shall only be necessary for the prosecution to prove that such a road had been established by order of the county court, and that the same had been used as a public road."

It is also insisted that as the evidence showed that the obstruction complained of, which consisted of a fence across the road and also a gate, was put upon the road two years before the indictment was found, the prosecution is barred by the statute of limitations. Had the evidence shown nothing further than this, the objection would be well taken, but as it disclosed the further fact that the obstruction was continued up to the time of finding the indictment, it is without foundation.

There was no error in admitting as evidence the record of the township board to show that defendant had recog-

nized the road in question by making an application to change it. The objection to the evidence was, that it was not shown that the record offered was the record of Austin township, and that the board of directors of said township had no jurisdiction over the subject. Upon an examination of the bill of exceptions, we find the direct statement made that "the entries were read from the record of the Austin township board," which, in connection with the fact that under the township organization law the power to alter roads was directly invested in the officers therein named, (Wagner's Statutes, 1329,) shows this objection to be groundless.

The objection that notice of assessment of damages in the location of the road was not given, is answered by the case of *Walker v. Likens*, 24 Mo. 298. Judgment affirmed. All concur.