COMMONWEALTH *vs.* JOHN ROBERT ROSS.

Suffolk.    January 22, 1924. — February 25, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Polygamy. Limitations, Statute of. Marriage and Divorce. Practice, Criminal,* Ordering of verdict of guilty on agreed facts.

At the trial of an indictment charging that the defendant, having a lawful wife living, unlawfully married and had for his wife a second woman, after which, while the wife was living and during six years before the finding of the indictment, he unlawfully cohabited and continued to cohabit with the second woman, the fact that the second marriage ceremony was entered into more than six years before the indictment was found is immaterial, if it appears that the defendant within the six years preceding the indictment continued to cohabit with the second woman in this Commonwealth.

St. 1895, c. 427, as amended by St. 1896, c. 499 (now G. L. c. 207, § 6) was not intended to repeal or to modify the statute making bigamy a criminal offence, and furnishes no defence to an indictment charging the crime described in G. L. c. 272, § 15.

At the trial of an indictment charging bigamy, " the facts were agreed upon between the attorney for the Commonwealth and the attorney for the defendant." The defendant asked for rulings of law. The rulings were refused, and the trial judge ordered the jury to return a verdict of guilty. *Held,* that, the rulings asked for by the defendant properly having been refused and the facts agreed upon conclusively establishing guilt as a matter of law, the directing of the verdict of guilty was without error.

INDICTMENT, found and returned on November 14, 1922, charging that the defendant, having a lawful wife living, to wit, Bessie Robinson Rosbrough, did at Boston unlawfully marry and have for his wife one Gertrude Traynor, after which he did, while said Bessie Robinson Rosbrough was still living, during the six years next before the finding of the indictment, unlawfully cohabit and continue to cohabit in Boston with Gertrude Traynor.

In the Superior Court, the indictment was tried before *Bishop,* J. The record states that " the facts were agreed upon by the attorney for the Commonwealth and the attorney for the defendant." Material facts are described in the opinion.

The defendant asked for the following rulings:

" 1. That it is the law that where a marriage takes place in this Commonwealth when some legal impediment exists and such marriage is entered into by one of the parties in good faith and such parties cohabit and continue the marriage relation after such impediment is removed, then such marriage becomes legal, and is valid and binding between the parties.

"2. That the marriage between John R. Ross and Gertrude Traynor became valid and binding after March 14, 1918, the date on which a decree of divorce was obtained by Bessie Robinson Rosbrough, the first wife of said John R. Ross.

" 3. That this defendant cannot be found guilty on the indictment because he contracted a bigamous marriage on January 11, 1916, with the complaining witness since said marriage took place more than six years prior to this indictment, and the prosecution is therefore barred by the statute of limitations, G. L. c. 277, § 63.

" 4. That this defendant cannot be convicted under this indictment, because he cohabited with the complaining witness during a portion of the period ' the six years next before the finding of this indictment ' because when the marriage became validated on March 14, 1918, it became so validated for all purposes and no prosecution can be had for any period which preceded the validation, unless such prosecution was instituted during such period and before such marriage had become validated.

" 5. That the period of limitations runs from the date of the marriage, not from the subsequent cohabitation."

Before the case was submitted to the jury, the defendant, by permission of the trial judge, submitted a request in substitution for that ruling numbered " 1 " above, that the judge read to the jury G. L. c. 207, § 6, and charge the jury that such section was a defence to this indictment and that the defendant could not be found guilty. The judge read the section to the jury, but otherwise refused to grant such request.

The judge then charged the jury as follows: " The facts having been agreed upon in this case, there being no dispute

whatever about the facts, I rule as a matter of law that the divorce which was obtained by the first wife on March 14, 1918, is not a defence to this action, and that you should bring in a verdict of guilty. And you will so return your verdict when the clerk comes in. And to this refusal to direct a verdict the defendant excepts."

The defendant was found guilty and alleged exceptions.

G. L. c. 207, § 6, reads as follows: " If a person, during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, to be held to have been legally married from and after the removal of such impediment, and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents."

The case was submitted on briefs.

*B. J. Killion, F. S. Dimento & G. F. Mitchell*, for the defendant.

*M. Caro*, Assistant District Attorney, for the Commonwealth.

CROSBY, J. This is an indictment for polygamy. At the trial the case was submitted to the jury on the following agreed facts: The defendant, under the name of John Rosbrough, was married on February 5, 1905, at Boston, to Bessie Robinson, who obtained a divorce from him in Chicago in the year 1911; they were remarried at Louisville, Kentucky, in 1912 and lived together for a short time. The defendant was married to Gertrude Traynor on January 11, 1916; they lived together as husband and wife in Boston until some time in August, 1922, when she learned of his previous marriage to Bessie Robinson and left him,

and has not since lived with him.    Bessie Robinson obtained a divorce from him in Texas on March 14, 1918.    Under the laws of that State either party is free to remarry after the final decree is entered.    The foregoing is all the evidence submitted.    The defendant filed a written motion that a verdict of not guilty be directed in his favor; this motion was denied and the defendant excepted.    He also excepted to the refusal of the court to give certain requests for instructions; to the ruling that the divorce granted to Bessie Robinson was not a defence; and to the direction to the jury that a verdict of guilty should be returned.

The indictment charges the crime set forth in G. L. c. 272, § 15, that the defendant " having a lawful wife living, to wit: Bessie Robinson Rosbrough, did at Boston, unlawfully marry and have for his wife one Gertrude Traynor, after which the said John Robert Ross . . . did while said Bessie Robinson Rosbrough was still living, during the six years next before the finding of this indictment, unlawfully cohabit and continue to cohabit in said Boston with the said Gertrude Traynor."    The indictment was found in November, 1922, and is drawn in conformity with the second form contained in the schedule of forms of pleading under the heading " Polygamy" in G. L. c. 277, § 79.    The contention of the defendant that he was entitled to have a verdict of not guilty returned on the ground that the second marriage charged was entered into more than six years before the finding and return of the indictment, cannot be sustained.    G. L. c. 272, § 15, provides that " Whoever, having a former husband or wife living, marries another person or continues to cohabit with a second husband or wife in the Commonwealth shall be guilty of polygamy. . . . "    The circumstance that the second marriage was entered into more than six years before the indictment was found is immaterial, as it appears that the defendant continued thereafter to cohabit with the second wife in this Commonwealth, and within six years before the finding of the indictment.

The contention that the defendant is not guilty by reason of St. 1895, c. 427, as amended by St. 1896, c. 499, now G. L.

c. 207, § 6, is without merit. That statute was not intended by the Legislature to repeal or modify the statute making polygamy a criminal offence. The purpose of G. L. c. 207, § 6, is to provide against the illegitimacy of children and to protect the public interests. *Turner* v. *Turner*, 189 Mass. 373, 375. *Green* v. *Kelley*, 228 Mass. 602. *Gardner* v. *Gardner*, 232 Mass. 253, 258. The motion for a directed verdict and the requests for instructions were rightly denied.

As the case was submitted on agreed facts, and as no question of law was involved, the action of the court in directing a verdict of guilty was without error. *Commonwealth* v. *Gardner*, 241 Mass. 86, 91.

*Exceptions overruled.*