COMMONWEALTH *vs.* HOWARD E. GREEN.

Berkshire.    September 17, 1929. — October 2, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*School.    Vaccination.    Parent and Child.*

It is no defence to a complaint charging the defendant with violation of G. L. c. 76, § 2, in that he failed to send his children to a public school, that the defendant because of his religious belief and conscientious scruples concerning vaccination had refused to have his children vaccinated and knew that they therefore would not be permitted to attend school.

COMPLAINT, received and sworn to in the District Court of Central Berkshire on June 14, 1929, and described in the opinion.

Evidence at the trial, on appeal to the Superior Court, before *Dillon*, J., is described in the opinion.  The defendant was found guilty, and alleged exceptions.

The case was submitted on briefs.

*H. E. Green*, pro se.

*C. H. Wright*, Assistant District Attorney, for the Commonwealth.

SANDERSON, J.  The defendant was convicted upon a complaint charging him with failing to send to school his two children, between the ages of seven and fourteen years, for seven specified days within a period of six months next before the making of the complaint.  The only exception was to the denial of the defendant's motion that the jury be directed to return a verdict of not guilty.

Testimony offered by the Commonwealth tended to prove that the defendant refused to have the children vaccinated as required by law, and failed to send them to school.  The defendant admitted that he refused to have his children vaccinated and that he knew the authorities would not allow them to attend school unless vaccinated.

G. L. c. 76, § 1, as amended by St. 1921, c. 463, requires

that every child between seven and fourteen years of age, with certain exceptions not material to this case, shall, subject to § 15, attend a public day school in the town or some other day school approved by the school committee during the entire time that public schools are in session. G. L. c. 76, § 2, provides that every person in control of a child described in the preceding section shall cause him to attend school as therein required; and if he fails to do so for seven day sessions or fourteen one half day sessions within any period of six months he shall upon complaint be punished as therein provided. G. L. c. 76, § 15, provides that an unvaccinated child shall not be admitted to a public school except upon presentation of a physician's certificate. In the case at bar no such certificate was obtained, and upon the testimony of the defendant the physical condition of the children was such that a certificate could not properly have been given.

The requirement for vaccination has been held to be constitutional. *Commonwealth* v. *Pear*, 183 Mass. 242. *Jacobson* v. *Commonwealth*, 197 U. S. 11. The defendant's views cannot affect the validity of the statute nor entitle him to be excepted from its provisions. *Commonwealth* v. *Pear, supra.* By statute vaccination is made a condition precedent to the right of a child to attend a public school. *Spofford* v. *Carleton*, 238 Mass. 528, 530. The defendant's sole defence to the complaint so far as it is disclosed by the record seems to be that because of his religious belief and conscientious scruples concerning vaccination he should not be held to have incurred the penalty of the statute for failing to send his children to school. But he cannot thus avoid this penalty even if their failure to attend school was based upon this ground alone. *Commonwealth* v. *Plaisted*, 148 Mass. 375, 381. It was his own act which kept the children in the class ineligible for school attendance.

*Exceptions overruled.*