COMMONWEALTH *vs.* HARRY E. CHILDS.,

SAME *vs.* SAME.

Norfolk.    November 2, 1937. — February 2, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Vaccination. Parent and Child. School and School Committee. Consti-tutional Law,* Vaccination, Definiteness of statute. *Statute,* Validity. *Words,* "Vaccinated."

The obligation imposed by G. L. (Ter. Ed.) c. 76, § 2, to cause children to attend school could not be escaped by neglect to qualify them for attending under § 15.

The meaning of the word "unvaccinated" in G. L. (Ter. Ed.) c. 76, § 15, is clear and means not inoculated against smallpox.

TWO INDICTMENTS, found and returned in the Superior Court on September 11, 1936.

After waiver of jury trial, the indictments were heard upon an agreed statement of facts by *Buttrick,* J., who found the defendant guilty. The defendant alleged exceptions.

The cases were submitted on briefs.

*H. Wise,* for the defendant.

*T. W. Prince,* Assistant District Attorney, for the Commonwealth.

LUMMUS, J.    Trial by jury having been waived, the judge found the defendant guilty of failing for seven day sessions in January, 1936, to cause his children within his control to attend a public day school. G. L. (Ter. Ed.) c. 76, § 2.

Agreed facts constituted the only evidence. In September, 1935, each child had been permitted to enter the public day schools of Quincy upon a certificate "signed by a registered physician designated by the parent or guardian, that the physician has at the time of giving the certificate personally examined the child and that he is of the opinion that the physical condition of the child is such that his health will be endangered by vaccination," prescribed by

G. L. (Ter. Ed.) c. 111, § 183, and required for the admission of an unvaccinated child to school by G. L. (Ter. Ed.) c. 76, § 15. *Hammond* v. *Hyde Park*, 195 Mass. 29. The rules of the school committee of Quincy require that an unvaccinated child shall renew such a certificate every two months in order to remain in school. Such a requirement has been held lawful. *Spofford* v. *Carleton*, 238 Mass. 528. Shortly before January 4, 1936, the school authorities notified the defendant to renew the certificate or have the children "vaccinated." He did neither, but continued to send the children to public school during the period covered by the indictments. Every day they were refused admission by the school authorities, because there was neither a renewed certificate nor vaccination. The children attended no other school.

The statutory obligation to cause children to attend school involves an obligation to put them into condition to attend, and cannot be escaped by neglect to qualify them for attendance. *Commonwealth* v. *Green*, 268 Mass. 585.

The burden of the argument for the defendant is that the words "vaccinated" and "unvaccinated" do not convey the idea of inoculation against smallpox as distinguished from other diseases, and therefore that the statute is too vague for enforcement. *Kneeland* v. *Emerton*, 280 Mass. 371, 383 *et seq.* *General Outdoor Advertising Co. Inc.* v. *Department of Public Works*, 289 Mass. 149, 192, 193. The word "vaccination" was originally used to describe the method, discovered by Jenner late in the eighteenth century, of inoculating with cow pox for the purpose of procuring immunity from smallpox. In the second volume of General Laws of Massachusetts, by Stearns, Shaw and Metcalf, published in 1823, the earliest statute, enacted on March 6, 1810, for compulsory inoculation "with the cow pox" (St. 1809, c. 116), is indexed under the word "vaccination." St. 1855, c. 414, required that all children should be "vaccinated" before attaining the age of two years and before being admitted to the public schools. In our statutes, and even in common speech, the word "vaccinated," without explanation or qualification, meant in 1855 and

still means, inoculated against smallpox. The language is not vague, but clear. The case presents no other substantial constitutional question.

*Exceptions overruled.*