STATE OF NEW JERSEY, RESPONDENT, v. BERTRAM
IRELAND, PROSECUTOR.

Argued May 6, 1941—Decided May 22, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Elwood C. Weeks.*

For the respondent, *Harry R. Coulomb* and *William B. Hunter.*

BODINE, J. Sophie Sonstein was killed August 3d, 1940, in a bath house in Atlantic City, by reason of the collapse of part of the building because of improper design and construction in violation of the building code of that city duly adopted. The building was erected pursuant to plans drawn prior· to February 3d, 1927, by the prosecutor, Bertram Ire-

land, an architect, who now stands indicted for manslaughter due to negligence and for creating a public nuisance by building an unsafe structure contrary to the code. He seeks to have us quash the indictment solely because of the two-year statute of limitation. *N. J. S. A.* 2:183-2. No act, other than the collapse of the building causing the death, is alleged subsequent to February 3d, 1927.

An architect, through neglect or violation of a building code by the preparation of defective plans for a building, which collapses due to his fault, is subject to indictment for manslaughter where an occupant has been killed through his neglect. *United States* v. *Geare,* 293 *Fed. Rep.* 997; *People* v. *Gaydica,* 203 *N. Y. Supp.* 243. A building likely to fall and injure persons because of inherent weakness is a nuisance. *Pennsylvania Railroad Co.* v. *Kelley,* 77 *N. J. Eq.* 129.

Courts do not look with favor on prosecutions that have been long delayed. *Wharton's Criminal Pleading & Practice,* § 316. But, in the instant case, the indictment was promptly found since the nuisance continued till there was an injury.

"Continuous offenses (such as nuisances, carrying of concealed weapons, use of false weights, &c.) endure after the period of concoctions and as long as the offense by the defendant's action or permission continues to exist." *Wharton, Id.,* § 321; 22 *C. J. S.* 357, § 227.

That nuisances such as obstructions of highways are continuing offenses has been held in *Buckalew* v. *State,* 62 *Ala.* 334; *State* v. *Guilbert,* 73 *Mo.* 20; *State* v. *Long,* 94 *N. C.* 896; *Nashville and D. R. Co.* v. *State,* 60 *Tenn.* 55. No authority to the contrary can be found.

A public nuisance occurs when there is inconvenience and annoyance to the public by reason of any act or neglect. *State* v. *Rodgers,* 91 *N. J. L.* 212. So it seems that since the death occurred within the two years of the indictment it is timely. The initial act of violating the building code constituted a continuing public nuisance, not to be barred because not discovered.

The preparation of defective plans was the offense creating a public nuisance, and that nuisance continued till the col-

lapse occurred. That one who creates a public nuisance is liable civilly till the nuisance be abated seems clear. *Fredericks* v. *Town of Dover,* 125 *N. J. L.* 288.

Likewise in an indictment for conspiracy under a statute. which makes an overt act necessary to complete the offense, it is enough if there is an overt act within two years even though the conspiracy was formed long before. *United States* v. *Kissel,* 218 *U. S.* 601; *State* v. *Unsworth,* 85 *N. J. L.* 237, 242; *State* v. *Gregory,* 93 *Id.* 205.

So also desertion in this state is a continuous crime. *State* v. *Garris,* 98 *N. J. L.* 608; Polygamy is a continuing one. *Commonwealth* v. *Ross,* 248 *Mass.* 15; 142 *N. E. Rep.* 791. The two-year statute does not bar the prosecution of such offenses.

A public nuisance is a wrong which continues until it is abated. The indictment, in short, alleges that the prosecutor in creating a defective building to which the public would be invited created a continuing offense for which he could be held at the bar of a criminal court when a death resulted.

The indictment does not offend the two-year statute of limitation. The writ will be dismissed, with costs.