COMMONWEALTH *vs.* J. HARVEY RENFREW & another.

Suffolk.    March 7, 1955. — April 6, 1955.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*School and School Committee.    Parent and Child.    Practice, Criminal,*
Ordering verdict.

The fact that a child eight or nine years old, who did not attend either
a public day school or any other day school approved by the school
committee of his city and was not "being otherwise instructed in a
manner approved in advance by" the superintendent of schools or
the school committee, was being otherwise instructed in the branches
of learning required to be taught in the public day schools would not
show compliance with the requirements of G. L. (Ter. Ed.) c. 76,
§ 1, as appearing in St. 1939, c. 461, § 3, and as amended, nor constitute
a defence to prosecution of the child's parents under c. 76, § 2, as
amended.    [493–494]
It was proper to order the jury to return a verdict of guilty at the trial
of a complaint where all the facts essential to a conviction were estab-
lished by a statement of agreed facts.    [494]
Mere reading of the Bible and recital of. the Lord's Prayer in public
schools would not justify failure of Buddhist parents of a child of
school age to have him attend school.    [495]

Two COMPLAINTS, received and sworn to in the Munici-
pal Court of the Roxbury District on January 4, 1954, and
March 18, 1954, respectively.

Upon appeal to the Superior Court, the cases were tried
before *Gilmore*, J., a District Court judge sitting under stat-
utory authority.

*Lovell Spaulding, Jr.,* for the defendants.

*Joseph A. Sullivan*, Assistant District Attorney, for the
Commonwealth.

RONAN, J.    The defendants, husband and wife, were
charged jointly in two complaints, each complaint alleging
a different period of time in neglecting to cause their minor
child to attend school as required by G. L. (Ter. Ed.) c. 76,
§ 1, as appearing in St. 1939, c. 461, § 3, as amended, the

said minor having failed during each of the said periods to attend school for seven day sessions or fourteen half day sessions within a period of six months as set forth in G. L. (Ter. Ed.) c. 76, § 2, as amended by St. 1947, c. 241, § 1. Both complaints were tried together and each defendant was found guilty on each complaint.

The first witness for the Commonwealth testified that the defendants resided in Boston; that their minor child was eight or nine years of age; that the said child, during the periods alleged in the complaints, did not attend the public schools which were then in session or a private school approved by the superintendent or the school committee nor pursue a course of study which had been approved in advance by the superintendent or the committee; and that the child was under the control of both defendants. The defendants subject to their exceptions were not permitted to show through this witness the subjects which were taught in public schools for the purpose of showing that the child had been otherwise instructed in the branches of learning required in the public day schools and in order to meet the allegations contained in each complaint, to wit, "and the said child not having been otherwise instructed in the branches of learning required to be taught in the public day schools." The judge ruled that these words were surplusage, and also ruled that the issue before him was whether the child during the times alleged attended a public day school or a private day school approved by the superintendent or the committee or was otherwise being instructed in a manner approved in advance by the superintendent or the committee, and that, if he was not being educated in one of these three methods, the defendants were guilty. The defendants saved exceptions to these rulings. The parties then agreed on the facts, and a statement of agreed facts was submitted to the judge who ruled that under the first eight paragraphs no issue of fact was left open and, subject to the exceptions of the defendants, ordered the jury to return verdicts of guilty.

There was no error in ruling that the words quoted from

the complaints were surplusage. They first came into the school attendance law by St. 1889, c. 464 (see *Commonwealth v. Roberts*, 159 Mass. 372, 374), but they were eliminated by St. 1913, c. 779, § 1, by the substitution of a clause substantially the same as that now appearing in G. L. (Ter. Ed.) c. 76, § 1, which excuses such attendance if the child "is being otherwise instructed in a manner approved in advance by the superintendent or the school committee." The agreed facts show that the defendants' child was not attending a public day school or a day school approved by the superintendent or the committee nor being educated in the manner just quoted. There was no error in the exclusion of the evidence of the witness if the exceptions to these rulings were not waived by subsequently having the trial proceed upon a statement of agreed facts because if the evidence had been admitted it would not show a compliance with the terms of § 1 and bring the case outside of § 2. Furthermore, it was not necessary for the Commonwealth to negative compliance by the defendants in educating their minor son in the manner just quoted. Where a statute creating a crime permits the act declared to be criminal to be performed under such conditions as not to be criminal, such conditions need not be negatived. G. L. (Ter. Ed.) c. 277, § 37. They were not harmed by the exclusion of the evidence.

There was no error in directing verdicts of guilty. All the facts essential to sustain convictions were admitted and the judge properly directed the jury to return verdicts of guilty. *Commonwealth v. Gardner*, 241 Mass. 86, 91. *Commonwealth v. Ross*, 248 Mass. 15, 19.

None of the various other enumerated admitted facts constituted any defence to these complaints. Home education of their child by the defendants without the prior approval of the superintendent or the committee did not show a compliance with the statute and bar the prosecution of the complaints. *State v. Hoyt*, 84 N. H. 38. *Rice v. Commonwealth*, 188 Va. 224. The right to religious freedom is not absolute. For instance, the refusal of the one in control of a minor of school age to have him vaccinated or

to procure a physician's certificate that he is an unfit subject for vaccination on account of the defendant's religious belief, thus preventing the child from attending school, is no defence to a violation of the compulsory school attendance law. *Commonwealth* v. *Green*, 268 Mass. 585. *Commonwealth* v. *Childs*, 299 Mass. 367. *State* v. *Drew*, 89 N. H. 54. *Sadlock* v. *Board of Education of Carlstadt*, 137 N. J. L. 85. See *Prince* v. *Massachusetts*, 321 U. S. 158. The defendants and their child were Buddhists. One of the grievances of the defendants was that the mental health of the child was being affected because he was not being educated according to his capacity to learn. This is ambiguous as it might mean that he was attending a grade either above or below his capacity to learn. If his difficulty consisted merely of being in the wrong grade, it undoubtedly would have been remedied if such had been known to the teacher or the school authorities, but there is nothing in the record that shows that any such particular complaint was ever brought to their attention or any definite request made to change his grade. Another grievance of the defendants is that some things that he was taught were causing conflict with the principles of Buddhism although they conceded that these principles were in no way in conflict with the law. There is no specification whatever as to what were "some of the things" just mentioned. They may well have been the secular subjects ordinarily taught in the public schools. The defendants state that their child has been taught the Twenty-Third Psalm and the Lord's Prayer. The mere reading of the Bible and the recital of the Lord's Prayer in the public schools do not justify the failure of the defendants to have him attend school. For more than a century our statute has provided that a portion of the Bible shall be read daily in the public schools without written note or comment and that no pupil shall be required to take any personal part in the reading if his parent or guardian informs the teacher in writing that he has conscientious scruples against the pupil participating in such reading. See now G. L. (Ter. Ed.) c. 71, § 31. The

purpose and validity of such a statute were explained and
upheld, as was a regulation of a school committee that the
schools should be opened each morning with a reading
from the Bible and the offering of prayer, in *Spiller* v.
*Woburn,* 12 Allen, 127. We think the case cited is in accord
with the weight of authority. We cite a few of the deci-
sions.[1]

In view of what has been said there is no need to discuss
the other exceptions including those taken to the denial of
the motion for a new trial.

*Exceptions overruled.*

[1] *Wilkerson* v. *Rome,* 152 Ga. 762.   *Knowlton* v. *Baumhover,* 182 Iowa, 691.
*Billard* v. *Board of Education of Topeka,* 69 Kans. 53.   *Hackett* v. *Brooksville
Graded School District,* 120 Ky. 608.   *Donahoe* v. *Richards,* 38 Maine, 379.
*Pfeiffer* v. *Board of Education of Detroit,* 118 Mich. 560.   *State* v. *Scheve,* 65
Neb. 853.   *Curran* v. *White,* 22 Pa. Co. Ct. R. 201.   *Church* v. *Bullock,* 104
Texas, 1.   Another phase of the general subject whether certain practices
connected with the public schools have been in furtherance of religion has
been recently fully considered in the released time cases.   *Illinois* v. *Board of
Education of School District No. 71,* 333 U. S. 203.   *Zorach* v. *Clauson,* 343
U. S. 306.