City of Akron, Appellee, *v.* Lane, Appellant.
[Cite as Akron v. Lane (1979), 65 Ohio App. 2d 90.]

(No. 9176—Decided July 11, 1979.)

*Mr. Peter D. Oldham,* city prosecutor, and *Mr. Edward J. Riegler,* for appellee.

*Mr. Gerald J. Glinsek* and *Mr. Terry D. Zimmerman,* for appellant.

Mahoney, P. J.   Defendant, Richard T. Lane, appeals his conviction, after a bench trial, of violation of the compulsory education laws (R. C. 3321.03, 3321.04 and 3321.38[A]). We affirm.

*Facts*

Defendant has a daughter, Stacey Lane, who is of compulsory school age and whose hearing is impaired. Prior to the 1978-1979 school year, Stacey attended the Akron Public Schools. Because of her impaired hearing, Stacey was initially placed in a special education class at Mason Elementary School where the "oral method" of teaching is used. Later, Stacey was placed in the special education class at Voris Elementary School where the "total communication" method is used. Absent her need for special education, Stacey would attend King Elementary School.

Defendant was dissatisfied with Stacey's educational progress in the special education classes and took the position that federal law required that Stacey be placed in regular classes with the aid of an interpreter. The Akron Board of Education disagreed with defendant's interpretation of the law. Defendant filed a suit in federal district court, but it was dismissed because of available administrative remedies. In March of 1978, defendant filed a complaint against the Akron Board of Education with the Department of Health, Education, and Welfare (HEW). No findings on the complaint have been issued at this time. Defendant's motion to continue the instant prosecution pending action by HEW was overruled.

Defendant did not send Stacey to Voris Elementary School for the 1978-1979 school year. Instead, he hired a tutor, alleged to be a certified instructor of the deaf, to provide instruction for Stacey at home. An attempt was made to secure the approval of Conrad C. Ott, Akron Superintendent of Schools, for the home instruction program, but this approval was not obtained. No appeal was taken to the Juvenile Court, as is permitted by R. C. 3331.08.

Defendant was notified, pursuant to R. C. 3321.19, that he was in violation of the compulsory education laws (R. C. Chapter 3321). A complaint was thereafter filed against defendant, stating in part that:

"***[O]n or about the 14th day of November, 1978, and continuing thereafter,***Richard T. Lane did knowingly and willfully fail to cause his daughter, Stacey Lane to attend a school which conforms to the minimum standards prescribed by the State Board of Education for the full time the school at-

tended is in session, or otherwise to cause her to be instructed in accordance with law***."

The trial court indicated at several points during the trial that the quality of either the education offered at Voris Elementary School except as it pertains to minimum state standards, or defendant's home instruction program was immaterial to the proceeding. The trial court found defendant guilty and imposed a fine of $20 and costs. There is no issue of free exercise of religion in this case.

### Assignments of Error

"1. The trial court committed reversible error in overruling defendant-appellant's motion for a continuance pending resolution of***[his] complaint with the Department of Health, Education and Welfare against the Akron Board of Education.

"2. The trial court committed reversible error in overruling appellant's motion for discovery.

"3. It is error, in a criminal prosecution under the State Compulsory Attendance Laws for a court to deny a defendant the right to present evidence which would establish that he did not willfully violate those laws.

"4. The verdict of guilty was not sustained by the evidence where the court failed to find that the educational program provided by the defendant-appellant did not meet the state minimum standards."

### Discussion

### Assignment of Error No. 1

The ruling on a motion for continuance is committed to the sound discretion of the trial court. See, *e.g., State* v. *Simmons* (Summit Co. Ct. of Appeals No. 7811, January 14, 1976), unreported. We see no abuse of discretion here. Uncertainty exists regarding the form and effect of the federal agency's finding and the time when judicial review would be accomplished.

### Assignment of Error No. 2

The trial court overruled, in part, defendant's motion for discovery of certain items of information which, defendant argued, would allow him to raise the issue of the quality of the education provided for his daughter at the Voris Elementary

School and show that she was not provided an equal educational opportunity. Defendant cites several cases from other jurisdictions which, based on the pertinent statutes, indicate that a showing of equivalency between public education and home instruction is a good defense to an action based upon violation of compulsory education laws. See *State* v. *LaBarge* (1976), 134 Vt. 276, 357 A. 2d 121; *People* v. *Turner* (1950), 277 N.Y. App. Div. 317, 98 N.Y. Supp. 2d 886; *Cleary* v. *Lash* (*In re Lash*) (1977), 92 N.Y. Misc. 2d 642, 401 N.Y. Supp. 2d 124. The exceptions from compulsory school attendance are listed in R. C. 3321.03(A), (B) and (C). Mere equivalency between home instruction and public education is not an exception listed in the statute. The allowance of a home instruction exception is discretionary with the district superintendent of schools, subject to state direction, R. C. 3321.04(A)(2), and subject to appeal to the Juvenile Court, R. C. 3331.08. Whether defendant's home instruction program is equivalent to the education provided by the Akron Board of Education was, therefore, immaterial to the instant prosecution. See *Commonwealth* v. *Renfrew* (1955), 332 Mass. 492, 126 N.E. 2d 109; *State* v. *Hoyt* (1929), 84 N.H. 38, 146 A. 170; but see *People* v. *Levisen* (1950), 404 Ill. 574, 90 N.E. 2d 213.

We do not understand defendant to say that the program for the hearing impaired at Voris Elementary School does not meet minimum state standards applicable to such a program.

### Assignment of Error No. 3

Defendant states that he instituted the home instruction program because of his concern with Stacey's educational development and because of the Akron Board of Education's refusal to comply with laws which, in defendant's opinion, require that Stacey be placed in a normal classroom setting, aided by an interpreter. Defendant cites R. C. 3323.04; Section 794, Title 29, U. S. Code; and Section 84.34(a), Title 45, C.F.R. (1978), in support of his claim that the board of education was in violation of law. We have no occasion to consider the merits of this claim, as administrative procedures are established for initial adjudication; and it is the type of claim properly addressed in the first instance to administrative review. Compare, *In re Skipwith* (1958), 14 N.Y. Misc. 2d 325, 180 N.Y. Supp. 2d 852. Defendant's belief that the Akron

Board of Education violated the law is not a defense to this prosecution. Were it otherwise, the compulsory education laws would be of little force.

We fail to see how the defendant's fundamental freedom to direct the education and upbringing of his child (*State* v. *Whisner* [1976], 47 Ohio St. 2d 181, second paragraph of the syllabus) was violated in this case. There clearly is no factual similarity between *Whisner, supra,* and this case. Defendant formed the belief that his daughter's educational progress in the public school system was unsatisfactory, based upon what he felt her progress should be. We cannot believe that this dissatisfaction overbalances the state's interest in enforcement of the compulsory education laws. Defendant had the opportunity to test the adequacy of his home instruction program and the propriety of Conrad Ott's disapproval of it, in Juvenile Court. He did not take advantage of that opportunity. Whether the home instruction program was equivalent to, or substantially in compliance with, state minimum standards was not germane to the case.

*Assignment of Error No. 4*

Defendant asserts that the state failed to prove that his home instruction program did not meet minimum state standards.

R. C. 3321.04 provides, in part, that:

"Every parent of any child of compulsory school age * * * must send such child to a school or a special education program that conforms to the minimum standards prescribed by the state board of education * * *."

R. C. 3321.03 provides, in part, that:

"Except as provided in this section, the parent of a child of compulsory school age shall cause such child to attend a school in the parent's school district of residence or participate in a special education program under Chapter 3323 of the Revised Code, or shall otherwise cause him to be instructed in accordance with law. Every child of compulsory school age shall attend a school or participate in a special education program that conforms to the minimum standards prescribed by the state board of education * * *."

We believe that the term "school," in the context of these statutes, refers to a school chartered by the state, pursuant to R. C. 3301.16, and that the term "special education program,"

in the context of these statutes, refers to a special education program operated pursuant to State Board of Education standards and authorization, see R. C. 3323.06 and 3323.07. The trial court could properly have found that defendant's home instruction program was neither a "school" nor a "special education program" under the statutes; and this, coupled with the superintendent's disapproval of the program, was sufficient to prove the offense.

*Summary*

We overrule all four assignments of error and affirm the conviction.

*Judgment affirmed.*

Cook and Hunsicker, JJ., concur.

Cook, J., of the Eleventh Appellate District, sitting by designation in the Ninth Appellate District.

Hunsicker, J., of the Ninth Appellate District, retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.